■ ALBERT L. SUTTON, as Executor of LEON A. SUTTON, Deceased, Appellant, v EAST RIVER SAVINGS BANK et al., Respondents, et al., Defendants. — Order, Supreme Court, New York County (Whitman, J.), entered October 24, 1980, which denied plaintiff's motion for summary judgment on his first cause of action, reversed, on the law, and motion granted, with costs. Defendant bank held a first mortgage which was in default on a commercial building. The deceased, a licensed real estate broker, introduced McDonald's Corporation to the bank as a prospective purchaser of the mortgage or the fee. A letter agreement was executed which provides in pertinent part, "My commission for the sale of the property or for the assignment of your mortgage to McDonald Corporation [or its nominee] shall be $10,000.00 to be due at the time of title closing if the deal entails the sale of the property or at the time of assignment of your mortgage if the deal entails the sale of same." A nominee of McDonald's Corporation purchased the property at the foreclosure sale, at a price which covered the debt owed to the bank and all of its expenses in connection with the sale. This action was commenced to recover the brokerage commission. The bank asserted that the agreement was ambiguous and that the discussions between decedent and the bank centered on the bank's selling of property to McDonald's directly, in the event the bank was the successful bidder at the foreclosure sale, and did not contemplate McDonald's nominee purchasing at the foreclosure sale. The bank never bid at the sale. It is our view, in the context of the situation prevailing at the time of the agreement, that just such a purchase as occurred is one of the alternatives which reasonably must have been contemplated by the agreement. The bank is attempting to contradict said agreement by the use of parol evidence. It submitted an affidavit by one of its vice-presidents who "dealt personally with plaintiff's decedent" (not the vice-president, however, who signed the letter agreement), which provided no details as to any meetings or conversations between the parties. Its contention that the parties "had in mind" a particular condition is little more than a conclusion. The defendant bank did not disclose in evidentiary form the particular parol evidence, if any, on which it relied *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assoc.,* 32 NY2d 285, 290; see, also, *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259). A motion for summary judgment based upon a contractual obligation may not be defeated solely by the allegation that the contract is ambiguous. The party opposing summary judgment must set forth extrinsic evidence upon which it will rely to support the construction it urges, otherwise there are only documents to interpret. "[W]here a question of intention is determinable by written agreements, the question is one of law, appropriately decided by an appellate court * * * or on a motion for summary judgment. Only where the intent must be determined by disputed evidence or inferences outside the written words of the instrument is a question of fact presented". *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assoc., supra,* at p 291.) Concur — Kupferman, J.P., Sullivan and Carro, JJ.

Silverman, J., dissents in a memorandum as follows: I would affirm the order appealed from denying plaintiff's motion for summary judgment against defendant bank. While defendant's opposing affidavits leave much to be desired in the way of evidentiary facts, plaintiff also has an obligation to "show

that there is no defense to the cause of action"; the motion is to be granted if "the cause of action * * * shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." (CPLR 3212, subd [b].) I think there is at least sufficient ambiguity about the underlying obligation so that this standard has not been met by plaintiff. Plaintiff is the executor of a deceased broker. Defendant bank was the holder of a mortgage on certain real property. In a foreclosure proceeding brought by defendant bank, the real property was sold by the court-appointed Referee at public auction to McDonald's. Plaintiff claims a brokerage commission from the bank based on this sale. The written agreement upon which plaintiff relies refers to the testator's "commission as the *broker* for the sale". (Italics mine.) The bank says that the agreement contemplated a possible transaction between the bank and McDonald's — either a sale of the property by the bank (if the bank acquired the property) or an assignment of the mortgage. The agreement does not clearly exclude the bank's interpretation. Plaintiff's contentions certainly present a most aberrant "broker-client" claim. In the normal case it is either the buyer or the seller who agrees to pay the broker. Here it is a third person, the mortgagee, who is sought to be held liable for a brokerage commission on a sale in which the mortgagee is neither the buyer nor the seller. As a matter of normal business practice there would seem to be little room for the services of a "broker" in connection with a purchase at a court-ordered public auction. In order to recover, a broker must show that he was the "procuring cause" of the sale. (11 NY Jur 2d, Brokers, § 122.) It is "his duty to bring the minds of the parties to an agreement," *(id.,* § 111) as to all essential terms. There is no allegation by anyone that plaintiff was the procuring cause of the sale or that he brought about a meeting of the minds. That the brokerage agreement may well have contemplated some kind of agreement, some kind of meeting of the minds between buyer and seller, is evidenced by the statement that the commission shall be due at the time of title closing "if the deal" entails sale of the property. The "deal" would seem to imply a contemplation of a deal, an agreement, a meeting of the minds, between the bank and the buyer. What "deal," what agreement or meeting of the minds is necessary on a sale to the highest bidder at a court-ordered public auction? I, of course, do not exclude the possibility that it was the agreement of the parties that the broker would be entitled to a commission on just such a transaction as this. But it has not been shown conclusively. I cannot say that on the present record the cause of action has been "established sufficiently to warrant the court as a matter of law in directing judgment in favor of" plaintiff. (CPLR 3212, subd [b].)