■ SOLID WASTE INSTITUTE, INC., Appellant, v SANITARY DISPOSAL, INC., Respondent.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered August 5, 1985 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff and defendant entered into a contract whereby plaintiff was to arrange for the sale of defendant's business. Following the sale of the business by defendant to a third party, plaintiff commenced the instant action to recover the commissions provided for under the agreement. After extensive pretrial disclosure, defendant successfully moved for summary judgment dismissing the complaint. This appeal ensued.

The uncontradicted proof submitted on the motion established that the sale of the business was arranged exclusively by defendant's officers and employees and that plaintiff played no role in procuring the buyer. Therefore, ordinarily, plaintiff would be barred from any recovery of a commission, since it

had failed to establish compliance with a contractual condition to its right thereof *(see, Wykagyl Agency v Rothschild,* 100 AD2d 934; *White & Sons v La Touraine-Bickford's Foods,* 50 AD2d 547, 548; *affd* 40 NY2d 1039). Plaintiff, however, relies upon the heading and preamble of the listing agreement, in which it is given an "exclusive right to sell", as entitling it to a commission even when the sale has been effected by the owner.

It is true that a contract giving a broker the exclusive right to sell, in contrast to an exclusive agency (which merely excludes the employment of another broker by the owner in making a sale), establishes the right to a commission even upon sale by the owner *(Hammond, Kennedy & Co. v Servinational, Inc.,* 48 AD2d 394, 397; *Barnet v Cannizzaro,* 3 AD2d 745, 746; *Gaillard Realty Co. v Rogers Wire Works,* 215 App Div 326, 331). However, in each of the foregoing cases, the listing agreement clearly and expressly provided that a commission was due upon sale by the owner or excluded the owner from independently negotiating a sale. Thus, in *Hammond, Kennedy & Co. v Servinational, Inc. (supra),* the owner expressly agreed to " 'proceed only through [the broker] and will not directly or through others negotiate the sale or merger of the company' " *(id.,* p 396); in *Barnet v Cannizzaro (supra),* the owners agreed to pay " ' a commission of 5% of the purchase price in case the property is sold by me/us or by any other person, or if by [the broker's] office during the term of this agreement' " *(id.,* p 746); and in *Gaillard Realty Co. v Rogers Wire Works (supra),* the owners specifically agreed that " 'during the term of this agreement all inquiries with respect to [the] property are to be referred to [the broker]' " *(id.,* p 328). The prevailing view in other jurisdictions is that, without such an unequivocal expression of intent by its own terms or by necessary implication from its terms, the listing contract will at most be considered as creating an exclusive agency, not excluding the owner's inherent right to sell his own property *(see, e.g., McPike v Siver,* 168 Iowa 149, 150 NW 52; *Nicholas v Bursley,* 119 So 2d 722 [Fla]; *Szemis v Szlachta,* 172 Pa Super 351, 93 A2d 892; *Roberts v Harrington,* 168 Wis 217, 169 NW 603; *"Exclusive Right to Sell" and Other Terms in Real-Estate Broker's Contract as Excluding Owner's Right of Sale,* Ann., 88 ALR2d 936).

No such unequivocal expression of intent can be found in the listing agreement in the instant case. The phrase "exclusive right to sell" is undefined in the contract, and the provision that a commission is earned *"if* Consultant delivers

a ready, willing and able buyer" (emphasis supplied) is clearly inconsistent with any entitlement to a commission upon an independent sale by the owner.

Plaintiff's further contention is that the agreement is, thus, equivocal and ambiguous and that, therefore, plaintiff should be permitted to prove the parties' true intent by parol evidence at trial. Plaintiff, however, failed to submit any such parol evidence on the motion for summary judgment. "A motion for summary judgment based upon a contractual obligation may not be defeated solely by the allegation that the contract is ambiguous. The party opposing summary judgment must set forth extrinsic evidence upon which it will rely to support the construction it urges, otherwise there are only documents to interpret" *(Sutton v East Riv. Sav. Bank,* 83 AD2d 801, *affd* 55 NY2d 550). In the absence of such parol evidence, Special Term was presented solely with a question of law regarding the parties' intentions determinable through an examination of the four corners of the contract *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290-291; *Posner Constr. Co. v Valley View Dev. Corp.,* 118 AD2d 1001). Accordingly, Special Term properly granted summary judgment dismissing the complaint.

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.