■ EDWARD D. STARKEY, as Executor of the Estate of GRACE

STARKEY, Deceased, Respondent, v GRACE A. STARKEY, Individually and as Executrix of the Estate of ELMER J. STARKEY, Deceased, Appellant. [596 NYS2d 517] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a decree of the Surrogate's Court of Rockland County (Weiner, S.), entered September 4, 1991, which, *inter alia,* directed defendant to convey certain real property to plaintiff.

This is an action to impose a constructive trust on real property located in the Town of Ramapo, Rockland County, which was deeded to decedent Elmer J. Starkey (hereinafter decedent) in 1955. The action was commenced in Supreme Court by decedent's mother, Grace Starkey (hereinafter plaintiff), in 1989 after decedent died and left a will devising the property to his wife and reserving a life estate for plaintiff. Plaintiff's complaint* alleges that plaintiff, decedent and plaintiff's other children agreed that they would purchase land and erect a house thereon for the benefit of plaintiff and that they thereafter purchased the land with funds provided by certain of plaintiff's children, including decedent and his brother John. According to the complaint, a house was constructed on the property by plaintiff's children with funds contributed by plaintiff, decedent and certain of plaintiff's other children. The complaint also alleges that the property was owned by plaintiff and that title was in the name of decedent merely as an accommodation for the convenience of plaintiff, with decedent's interest being only that of trustee.

At trial following transfer of the case to Surrogate's Court, plaintiff and several of her children testified as to the circumstances surrounding the purchase of the property and the construction of the home, in which plaintiff and decedent, as well as several other family members, resided. After the conclusion of the trial but before a decision was rendered, plaintiff died. Surrogate's Court thereafter rendered a decision in plaintiff's favor despite the absence of the substitution of a proper party upon plaintiff's death. Defendant, who is decedent's widow and the executrix of his estate, took an appeal from the decree which directed her to execute a deed conveying the subject property to the legally appointed representative of plaintiff's estate. Plaintiff's son was thereafter substituted as the plaintiff in this action.

Defendant's first contention is that the decree should be

---

* An amended complaint was served which added a second cause of action, but prosecution of the added cause of action was subsequently discontinued.

reversed and the action dismissed because of the failure to make a timely substitution of a proper party for the deceased plaintiff. Although Surrogate's Court clearly failed to follow the proper procedure upon plaintiff's death *(see,* CPLR 1015, 1021), we are of the view that defendant, who could have moved for the substitution, was not prejudiced by the lack of strict adherence to the requirement that the proceedings be stayed pending substitution *(see, Bova v Vinciguerra,* 139 AD2d 797, 799). Further, dismissal of the action would not be on the merits (CPLR 1021) and a proper party has now been substituted for the deceased plaintiff. In these circumstances, the interest of judicial economy will be served by ignoring the defect *(see,* CPLR 2001).

We next consider defendant's claim that the action is barred by the Statute of Limitations, which was asserted as an affirmative defense in defendant's answer but not considered by Surrogate's Court. It is well settled that a claim for the imposition of a constructive trust is an equitable cause of action governed by the CPLR 213 (1) six-year Statute of Limitations, which begins to "run upon the occurrence of the wrongful act giving rise to a duty of restitution" *(Sitkowski v Petzing,* 175 AD2d 801, 802; *see, Ta Chun Wang v Chun Wong,* 163 AD2d 300, 302, *lv denied* 77 NY2d 804, *cert denied* — US —, 111 S Ct 2893). The theory upon which plaintiff based her claim for the imposition of a constructive trust was that she was the sole owner of the property acquired in 1955 and decedent's only interest in the property was that of a trustee holding the property exclusively for plaintiff's benefit. Assuming that this claim did not accrue when decedent took title to the property in 1955 in his own name individually and not as trustee *(but see, Dybowski v Dybowska,* 146 AD2d 604), there is undisputed evidence that decedent conveyed a 0.6-acre portion of the property to his brother John for no consideration more than six years before the commencement of this action. There is no evidence in the record that this conveyance was in furtherance of the alleged trust or that plaintiff consented to it. The conveyance was clearly inconsistent with plaintiff's claim that she was the sole and exclusive owner of the property. According to plaintiff's claim, the property was purchased for her benefit, and we view decedent's conveyance of a portion of the property without consideration as a failure to use the property for the intended purpose alleged by plaintiff so as to constitute a wrongful act, resulting in accrual of the cause of action *(see, Two Clinton Sq. Corp. v Friedler,* 91 AD2d 1193, 1194). The Statute of Limitations, therefore, ex-

pired before the action was commenced; the decree must therefore be reversed and the action dismissed.

Mikoll, J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the decree is reversed, on the law, with costs, and amended complaint dismissed.