■ Audrey Balog Realty Corporation, Inc., Respondent, and Audrey Balog, Plaintiff, v East Coast Real Estate Developers, Inc., Appellant. [610 NYS2d 812] —In an action to recover real estate brokerage commissions, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 30, 1990, which granted the respondent's motion for partial summary on the cause of action for the recovery of brokerage commissions on the sales of condominium units to which title had closed prior to August 26, 1988, (2) an order of the same court, dated January

8, 1991, which modified the order dated July 30, 1990, to permit the respondent to recover brokerage commissions on the sales of condominium units for which sales agreements were consummated or procured prior to August 26, 1988, (3) an order of the same court, dated July 15, 1991, which denied the defendant's motion for renewal, and (4) a judgment of the Supreme Court, Nassau County (Segal, J.), dated November 6, 1991, which is in favor of the respondent and against the defendant in the sum of $62,835.79.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The brokerage agreement here required the defendant "to refer all inquiries or offers on the available 80 units to the attention of [the respondent], as exclusive Broker, for negotiation on [the defendant's] behalf, and commissions payable hereunder shall be due and payable to [the respondent], regardless of whether [the respondent] has actually procured the Purchase Agreement". Thus, the respondent had an exclusive right to sell, not merely an exclusive agency (see, Solid Waste Inst. v Sanitary Disposal, 120 AD2d 915; Gaillard Realty Co. v Rogers Wire Works, 215 App Div 326), and is entitled to commissions on all sales procured prior to the termination of the agreement, regardless of whether or not the respondent put in any effort at all in procuring the sales.

We have examined the defendant's remaining contentions, and find them to be without merit. Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.