■ HECTOR PACHECO et al., Respondents, v HUMBERTO ALVIA et al., Appellants. [619 NYS2d 285] —In an action, *inter alia,* to enforce to recover title to real property, the defendants appeal from so much of an order of the Supreme Court, Kings County (Golden, J.), dated March 26, 1993, as denied their cross motion to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

In their complaint, the plaintiffs allege that, notwithstanding the fact that the deed they executed in 1984 conveyed their entire interest in the property to the defendants, they had agreed only to convey a one-half interest and did not examine the deed and discover the true extent of the conveyance until 1991.

We find that the plaintiffs' cause of action sounds in constructive fraud and is therefore governed by the six-year Statute of Limitations governing equitable actions in general *(see,* CPLR 213 [1]; *see, 509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48; *Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353). In a constructive fraud case, the period of limitations begins to run from the date of the commission of the purported fraud *(see, 509 Sixth Ave. Corp. v New York City Tr. Auth., supra)*. Since the period here began to run in 1984 when the deed was executed, this action, commenced in 1992, was time barred and should have been dismissed. The plaintiffs' remaining cause of action for an accounting is dismissed as meritless. Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.