■ LINDA A. BARBER, Respondent, v JOHN M. BARBER, Appellant. [667 NYS2d 788] —Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered September 9, 1996 in Saratoga County, which, *inter alia*, denied defendant's motion for leave to serve an amended answer.

In this matrimonial action, commenced in June 1994, defendant sought leave in June 1996 to amend his answer pursuant to CPLR 3025 (b) to implead plaintiff's parents and to add two counterclaims. The first counterclaim seeks to impose a constructive trust on real property located in the Town of Putnam, Washington County, claimed by defendant to have been purchased by plaintiff with marital funds during the marriage and later conveyed to her parents without his knowledge. The second counterclaim alleges constructive fraud against plaintiff and her parents. The real property was purchased by plaintiff's parents in 1986 and has been owned exclusively by them ever since. Supreme Court's denial of defendant's motion prompted this appeal.

We affirm. In the proposed second amended answer and original affidavit in support of the motion to amend, imposition of a constructive trust was based on defendant's contention that plaintiff purchased the property with marital funds in 1986 and thereafter conveyed it without compensation to her parents without his knowledge "in order to remove this property from [their] marital assets". After receipt of plaintiff's response to his motion, which included the "Statement of Sale" and mortgage records clearly proving that plaintiff's parents purchased the property in 1986, defendant's contentions in support of the constructive trust were then "clarified".

At this point, defendant contended that while he *did* know of the purchase of the real property during the marriage, he was informed by plaintiff that the deed was placed in her parent's name "in order to protect the property from [his] creditors, as at that time, [he] was having a drug problem". Defendant further contended that plaintiff represented to him throughout the marriage that her parents would deed the property "back" to them at any time. Significantly, defendant offered no documentary evidence to support any of his assertions, particularly the claim that marital funds were used to purchase the property.

Assuming, without deciding, that defendant's counterclaims are in fact timely (*see,* CPLR 213 [1]; *Pacheco v Alvia,* 209 AD2d 493 [claim sounding in constructive fraud governed by the six-year Statute of Limitations]; *Starkey v Starkey,* 192 AD2d 844, 846 [claim for the imposition of a constructive trust is governed by the six-year Statute of Limitations]), they nevertheless plainly lack merit; thus, defendant's motion to amend was properly denied (*see, e.g., Mathiesen v Mead,* 168 AD2d 736). Defendant failed to demonstrate that the requirements for imposition of a constructive trust—a confidential or fiduciary relationship, a promise (express or implied), a transfer in reliance on that promise and unjust enrichment (*see, Sharp v Kosmalski,* 40 NY2d 119, 121; *Matter of Knappen,* 237 AD2d 677, 678, *lv denied* 90 NY2d 802)—are present in this case. Not only did he fail to establish a fiduciary relationship between himself and plaintiff's parents, he unequivocally averred that neither his father-in-law nor his mother-in-law ever promised him that the property would be transferred "back" to him and plaintiff. Defendant merely alleged that *plaintiff,* who has never owned this property, made such representation. Thus, defendant failed to establish, at a minimum, the existence of a promise (*see generally, Scivoletti v Marsala,* 61 NY2d 806, 808; *Matter of Steibel,* 227 AD2d 408, 409) or a transfer in reliance on such promise. Similarly, defendant has not demonstrated merit to his constructive fraud claim (*cf., Koncelik v Abady,* 179 AD2d 942).

Defendant's remaining contentions have been reviewed and rejected as unpersuasive.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.