■ IVAN HERNANDEZ, Appellant-Respondent, v SCHENECTADY NON INVASIVE VASCULAR DIAGNOSTICS, P. C., Respondent-Appellant, et al., Defendants. [699 NYS2d 232] —Mikoll, J. Cross appeals from an order of the Supreme Court (Caruso, J.), entered September 28, 1998 in Schenectady County, which partially granted plaintiff's motion for partial summary judgment.

Prior to his retirement, plaintiff practiced medicine with defendants Robert M. Blumberg and Michael L. Gelfand as defendant Schenectady Non Invasive Vascular Diagnostics, P. C. (hereinafter Schenectady Vascular), of which each physician owned a one-third interest. In December 1992, in contemplation of plaintiff's impending retirement, the parties executed a series of contracts including the deferred compensation plan between plaintiff and Schenectady Vascular which is the subject of this appeal.* This plan provided, in pertinent part, as follows: "*Benefits.* Any physician-employee who has satisfied the eligibility requirements of Paragraph 3 above shall be entitled to a deferred compensation benefit hereunder * * * equal to 65% of the highest salary paid to any physician-

---

* Also executed were a stock purchase agreement and promissory note between plaintiff and defendant Paul A. Skudder whereby Skudder purchased plaintiff's one-third interest in Schenectady Vascular, and a noncompetition agreement.

employee for each month in the 60 month period following termination of employment.

As a result of a dispute over the amount of compensation he received following his retirement, plaintiff commenced this action in January 1998 alleging that Schenectady Vascular breached this provision of the deferred compensation plan by making improper deductions for, *inter alia*, premiums for life insurance and amounts he received under his stock purchase agreement with Skudder. Following joinder of issue, plaintiff moved for summary judgment on the issue of liability. In his motion, plaintiff asserted that the term "salary" included "paychecks, bonuses, pension contributions, perks, etc." as well as a portion of Schenectady Vascular's profits. Schenectady Vascular's opposition to the motion was based on its contention that the series of contracts taken together, as well as the history of the parties' negotiations before the documents were executed, established that plaintiff's compensation was actually intended to equal 60% of one third of Schenectady Vascular's profits, not the 65% salary figure urged by plaintiff.

Rejecting this claim, Supreme Court found that there was no ambiguity in the deferred compensation plan and, accordingly, its inquiry was limited to the "four corners" of the plan itself which, it found, clearly obligated Schenectady Vascular to pay plaintiff 65% of the highest salary of any doctor/employee for 60 months following his retirement. Although plaintiff was awarded summary judgment against Schenectady Vascular on the issue of liability, the court deferred assessment of his damages since calculation of same could be affected by the outcome of his cause of action for breach of the noncompetition agreement. These cross appeals by plaintiff and Schenectady Vascular ensued.

Plaintiff's position on this appeal is that while Supreme Court correctly found Schenectady Vascular liable to him under the deferred compensation plan, the court erred in finding that the term "salary" was unambiguous and did not include pension contributions and/or profit distributions. Plaintiff also alleges that in construing the term "salary" as excluding these items, Supreme Court improperly considered other documents accompanying the motion papers. We disagree.

As Supreme Court correctly observed, whether an agreement is ambiguous is a question of law for the court, and "[a]mbiguity is determined by looking within the four corners of the document, not to outside sources" (*Kass v Kass*, 91 NY2d 554, 566; *see, Carpinelli v MDF Dev.*, 245 AD2d 866, 867). Considering the clear language of the agreement and the absence of any

wording tending to negate or modify the plain meaning of the term "salary", Supreme Court properly construed the contract as unambiguous and accorded the term "salary" its customary and ordinary meaning (*see*, *Teichman v Community Hosp.*, 87 NY2d 514, 520; *United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232).

Nor are we persuaded that Supreme Court so construed the term by improperly referring to extrinsic documents. Instead, the court underscored the absence of ambiguity by observing that although total physician compensation was comprised of three elements—salary, pension contributions and profit distributions—the parties specifically utilized the term "salary" to denote that which plaintiff was to receive pursuant to the deferred compensation plan. Had the inclusion of profits and pension contributions been contemplated, the parties, each represented by counsel, had ample opportunity to so specify.

In view of our determination, we do not reach those arguments advanced by Schenectady Vascular on its cross appeal for our consideration only in the event reversal was required.

Cardona, P. J., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.