■ ANTHONY V. D'AGOSTINO, Respondent, v HOSPITALITY AND MEDICAL BUILDERS, LLC, Appellant, et al., Defendants.

[761 NYS2d 710] —Mercure, J.P. Appeal from an order and judgment of the Supreme Court (Sheridan, J.), entered July 10, 2002 in Albany County, which, inter alia, granted plaintiff's motion for summary judgment against defendant Hospitality and Medical Builders, LLC.

In August 1999, Bethel Hospitality Associates, LLC (hereinafter Bethel) and defendant Hospitality and Medical Builders, LLC (hereinafter defendant) entered into a contract under which defendant would serve as Bethel's general contractor for the Microtel Inn & Suites project located in Bethel, Connecticut. Plaintiff represented defendant as the construction project manager. The project contract provided that the work should be substantially completed no later than July 15, 2000, and stated that "[t]ime is of the essence." Notably, a February 4, 2000 letter to plaintiff from defendant's partners provided, in pertinent part, that "[i]n an effort to compensate you for your performance, [defendant] will, in addition to your monthly fee and associated expenses, provide you with ten percent (10%) of net profits recognized from the Microtel Inn & Suites, Bethel, CT project." The project was completed in September 2000, but defendant did not pay plaintiff a bonus.

Thereafter, defendant filed an arbitration claim against Bethel to recover $221,771.43 that it claimed was due under the contract. In December 2001, the American Arbitration Association (hereinafter AAA) found that the balance due defendant was $220,507. From that figure, the AAA deducted $77,545.31 representing expenses and lost profits incurred by Bethel due to defendant's delay in completing the project. Accordingly, the AAA awarded defendant $142,961.69.

Prior to the above determination, in June 2001, plaintiff commenced this action to recover the bonus as set forth in the February 2000 letter. Plaintiff asserted that defendant recognized a net profit of approximately $221,771.43 on the project, therefore, he should receive $22,177.14 as a bonus. In support of the claim, plaintiff referred to a November 2000 profit and loss statement showing a net profit of $221,771.43. Plaintiff contended that one of defendant's partners provided him with the statement. Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for an order dismissing plaintiff's complaint. Supreme Court, among other things, dismissed the claims against defendant's partners and granted plaintiff's motion for summary judgment. The court awarded $14,296.10 to plaintiff, representing 10% of

the amount determined by the arbitrator to be due defendant,[1] resulting in this appeal.[2]

Initially, defendant argues that Supreme Court erred in concluding that plaintiff was entitled to the bonus because plaintiff failed to meet the conditions for payment. According to defendant, the letter conditioned payment of the bonus on plaintiff's job performance, i.e., timely completion of the project. Therefore, defendant maintains, plaintiff should not receive any bonus because he completed the project approximately two months late. We cannot agree. The unambiguous terms of the agreement do not support defendant's interpretation that plaintiff would receive the bonus only if the project was completed by July 15, 2000. Inasmuch as the promise to pay a bonus was unconditional (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Hawkins Home Groups v Southern Energy Homes*, 276 AD2d 866, 867 [2000]; *Hernandez v Schenectady Non Invasive Vascular Diagnostics*, 267 AD2d 573, 574-575 [1999]), Supreme Court's bonus award was proper.

Turning to defendant's arguments challenging the amount of the bonus, we note that plaintiff satisfied his initial burden on his motion for summary judgment by presenting, among other things, the agreement and the statement of net profit from defendant's partner. Notably, defendant failed to proffer any evidence in opposition rebutting that statement which indicated a net profit of $221,771.43 on the project (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967 [1988]). Instead, defendant maintained that the amount of any bonus should be offset entirely by the sum ($77,545.31) subtracted from the arbitration award due to delay damages. Given that the bonus was unconditional, we agree with Supreme Court's rejection of the offset argument and its award of $14,296.10. Furthermore, Supreme Court properly declined to consider defendant's additional arguments challenging the propriety of the award in its reconsideration motion (*see Rubinstein v Goldman*, 225 AD2d 328, 328 [1996], *lv denied* 88 NY2d 815 [1996]).

Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, with costs.

---

1. While this amount is less than plaintiff's original request, plaintiff did not cross-appeal from that decision.
2. Supreme Court also denied defendant's subsequent motion for reconsideration.