■ MARIO ASCOLI, Appellant, v THOMAS LYNCH et al., Respondents. [769 NYS2d 567]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Dunne, J.), entered October 11, 2002, which, upon a decision of the same court dated March 18, 2002, after a nonjury trial, dismissed the action.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof, in effect, dismissing the first, second, and third causes of action insofar as asserted against the defendant Sunset Limousine, Inc., and substituting therefor a provision awarding the plaintiff the principal sum of $70,295.90 against that defendant on those causes of action; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, together with interest as sought in the complaint.

Pursuant to an agreement signed July 26, 1989 (hereinafter the 1989 agreement), the defendant Sunset Limousine, Inc. (hereinafter Sunset), agreed, inter alia, to make the following payments: (a) $476 per month to the plaintiff from the date of the agreement through December 9, 2002; (b) $3,463.95 owed by Sunset to Southampton Coachworks Ltd. (hereinafter the Southampton debt); and (c) $4,423.83 owed on the plaintiff's Mastercard. The agreement further provided, inter alia, that defendants Thomas Lynch and Joyce Lynch (hereinafter collectively the Lynches) were to hold harmless and indemnify the plaintiff for any failure by Sunset to make the payments, and for Thomas Lynch to pay $5,000 to purchase the plaintiff's shares of stock in Sunset. On July 17, 1992, Sunset issued a $200 check to the plaintiff which carried a restrictive endorsement. The check was the last payment involving Thomas Lynch's individual obligation under the 1989 agreement, for his purchase of the plaintiff's shares of stock in Sunset.

By summons and complaint dated February 23, 1996, the plaintiff commenced this action to recover the aforementioned sums alleging that the defendants, i.e., *Sunset and the Lynches,* failed to make the payments required by the *1989 agreement.* It did not allege any cause of action for indemnification and/or breach of a guarantee. After a nonjury trial, the Supreme Court determined, inter alia, that there was "no attempt to establish that [Sunset] failed to pay any obligation on its part," and dismissed the action.

This was error. The uncontroverted proof at trial showed that Sunset failed to make the required $476 per month payments due from January 1992 through December 2002, as well as to pay the Southampton debt, which resulted in the entry of judgment in the sum of $7,263.90 against the plaintiff personally. This was sufficient to show that Sunset breached its contractual obligations under the 1989 agreement and that the plaintiff was damaged thereby (*see* PJI 4:1 [2003 Supp]; *Furia v Furia,* 116 AD2d 694 [1986]). The proof also showed that Sunset failed to

properly make the last payment for the $200 due for the purchase of the Sunset shares originally owned by the plaintiff. Accordingly, the Supreme Court should have awarded judgment to the plaintiff against Sunset on those three claims.

The plaintiff's remaining contentions are without merit. Florio, J.P., Friedmann, Townes and Cozier, JJ., concur.