CV HOLDINGS, LLC, Respondent, v ARTISAN ADVISORS, LLC, Appellant. [780 NYS2d 425]—

---

* The action against United Staffing was subsequently discontinued.

Lahtinen, J. Appeal from an order of the Supreme Court (Sise, J.), entered November 11, 2003 in Montgomery County, which, inter alia, granted plaintiff's motion for summary judgment.

Plaintiff is a holding company owned by Robert Abrams. One of its major subsidiaries is Capitol Vial, Inc., a manufacturer of sterile vials. Defendant is an investment banking firm owned and operated by Roger Baumann. Following various discussions between Abrams and Baumann about the possibility of Baumann providing services pertaining to a possible sale of all or part of plaintiff, Baumann sent an engagement letter to Abrams on behalf of defendant, his newly formed company. Abrams signed the letter on behalf of plaintiff and returned it to defendant.

The agreement provided that plaintiff engaged defendant "on an exclusive basis, to provide advisory and investment banking services with respect to the exploration of strategic alternatives that may lead to a possible transaction (a 'Transaction'), through sale, merger, joint venture or otherwise." Certain services to be rendered by defendant were then set forth and the section regarding fees provided, in relevant part:

"[Plaintiff] shall pay [defendant] for its services hereunder a cash fee equal to:

"(a) $10,000 per month, payable on the first day of each month; and

"(b) in the event a Transaction is consummated, a fee, payable at closing, equal to a minimum of 1% of the Aggregate Consideration payable to [plaintiff] or its security holders in any such Transaction; provided that the fee payable pursuant to this clause (b) shall be reduced by the amount of any fees previously paid pursuant to clause (a) immediately above; . . . ."

Defendant received its monthly fee under the terms of the agreement from October 2001 to February 2002.

Plaintiff, however, had been in secret negotiations since before the agreement was signed regarding a potential sale of Capitol Vial to Apogent Technologies, Inc. In February 2002, plaintiff sold Capitol Vial to Apogent. Abrams informed Baumann of the sale and, although concededly playing no role in the sale, defendant demanded payment of $703,500, representing the 1% transaction fee. Plaintiff refused and, when the parties were unable to resolve their dispute, plaintiff commenced this action seeking, among other things, a declaration that defendant was not entitled to a fee. Defendant answered and asserted a counterclaim based upon breach of contract. Following disclosure, both parties moved for summary judgment. Supreme Court granted plaintiff's motion. Defendant appeals.

A clear and complete agreement will be enforced according to the terms set forth therein by the parties (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Evidence outside the four corners of the agreement may not be considered in discerning the parties' intent unless it is first determined that the contract is ambiguous (*see Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191 [1986]; *Comprehensive Health Solutions v Trustco Bank, Natl. Assn.*, 277 AD2d 861, 863 [2000]). The threshold determination regarding whether there is an ambiguity is a question of law for the court (*see Kass v Kass*, 91 NY2d 554, 566 [1998]). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002], quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]).

The statement in the contract that the engaging of defendant was "exclusive" does not, by itself and without further explanation, resolve the crucial issue (*see Solid Waste Inst. v Sanitary Disposal*, 120 AD2d 915, 916 [1986]). A contract will not be interpreted as creating an exclusive right to sell unless it "clearly and expressly provided that a commission was due upon sale by the owner or excluded the owner from independently negotiating a sale" (*id.* at 916). Here, the language employed is not as clear as the examples set forth in *Solid Waste Inst. v Sanitary Disposal* (*supra* at 916, citing *Hammond, Kennedy & Co. v Servinational, Inc.*, 48 AD2d 394, 396 [1975]; *see Barnet v Cannizzaro*, 3 AD2d 745, 746 [1957]) and the crucial term "transaction" is not separately defined in the agreement. The first use of that term in the agreement arguably connotes some active participation by defendant, as it states that defendant is engaged to provide "services" that "may lead to a possible transaction." However, the manner in which such term is used in section 2 regarding fees can be reasonably read as requiring a fee even when defendant played no active role in the transaction and this interpretation (which is a reasonable but not a mandated interpretation of section 2) finds some further support in a later section providing for a fee up to 24 months after termination of the agreement* (*see CIBC World Markets Corp. v*

---

* Such section provides, in pertinent part:

*TechTrader*, 183 F Supp 2d 605, 611 [2001]). We note that Abrams and Baumann, both sophisticated in business, ostensibly chose not to seek the advice of counsel before entering into this agreement. Our reading of the agreement reveals ambiguity regarding the disputed issue of whether a fee is due when defendant had no involvement in the transaction. Having found an ambiguity, consideration of evidence outside the contract is appropriate. The extrinsic evidence offered by the parties, however, points in different directions. Accordingly, the matter is not amenable to summary disposition.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; motion denied; and, as so modified, affirmed.

"Section 6. Termination of Engagement. [Defendant's] engagement hereunder may be terminated by either [plaintiff] or [defendant] at any time, with or without cause, upon written advice to that effect to the other party; provided, however, that

"(a) [Defendant] will be entitled to its full fee under Section 2 hereof in the event that (i) at any time prior to the expiration of 24 months after such termination by [plaintiff], a Transaction is consummated; or (ii) [plaintiff] enters into an agreement during the term of this Agreement or during such 24 month period which contemplates a Transaction and any such Transaction is consummated . . . ."