■ EDWARD HUDOCK et al., Appellants, v VILLAGE OF ENDICOTT, Respondent. [814 NYS2d 286]—

Kane, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered January 6, 2005 in Broome County, which, inter alia, denied plaintiffs' motion for summary judgment.

In 1998, when plaintiffs retired from their positions as police officers with defendant, a collective bargaining agreement (hereinafter CBA) governed the relationship between defendant and plaintiffs' union. As relevant here, the 1996-1999 CBA provided that: "All unit members retiring during the terms of this agreement agree that subsequent to their retirement, and in consideration of [defendant's] agreement to continue their health insurance coverage, they will continue to pay a contribution toward their annual health insurance premium and such contribution shall be a sum of $500.00 per annum for family coverage, and a sum of $200.00 per annum for individual coverage." Defendant charged plaintiffs the listed sums from the time of their retirement until 2004, at which time it informed plaintiffs that they would be required to pay a higher annual contribution toward their insurance costs.

Plaintiffs commenced this action, on behalf of themselves and all officers who retired under the 1996-1999 CBA, seeking a declaration that they are entitled to health insurance provided by defendant for the remainder of their retirement at the $500/$200 contribution rate. After defendant answered, plaintiffs moved for summary judgment. Defendant cross-moved for leave to amend its answer to assert additional affirmative defenses. Supreme Court, after determining that the contract language was susceptible to two interpretations and thereafter considering extrinsic evidence, denied plaintiffs' motion and granted defendant's cross motion. Plaintiffs appeal.

Supreme Court erroneously determined that the contract language was ambiguous, making consideration of extrinsic evidence improper. An agreement that is clear and complete will be enforced according to the terms as written by the parties (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *CV Holdings, LLC v Artisan Advisors, LLC*, 9 AD3d 654, 656 [2004]; *Della Rocco v City of Schenectady*, 252 AD2d 82, 84 [1998], *lv dismissed* 93 NY 1000 [1999]). Resort to extrinsic evidence to determine the parties' intent is appropriate only if the agreement is ambiguous or subject to more than one interpretation (*see CV Holdings, LLC v Artisan Advisors, LLC, supra* at 656; *Besicorp Group v Enowitz*, 235 AD2d 761, 763 [1997]). The threshold question of whether an ambiguity exists is a question of law for the courts (*see W.W.W. Assoc. v Giancontieri, supra* at 162; *CV Holdings v Artisan Advisors, supra* at 656; *Hernandez v Schenectady Non Invasive Vascular Diagnostics*, 267 AD2d 573, 574-575 [1999]). We find that the language of the CBA unambiguously provides that for all times subsequent to the retirement of plaintiffs and other officers who retired while the 1996-1999 CBA was in effect, those retirees are only required to pay defendant a contribution of $500 or $200 toward their annual medical insurance "in consideration of [defendant's] agreement to continue their health insurance coverage" (*compare Della Rocco v City of Schenectady, supra*). As this language is unambiguous, Supreme Court should not have considered extrinsic evidence, but should instead have granted summary judgment to plaintiffs on the merits and issued a declaratory judgment in their favor.

Because Supreme Court permitted defendant to amend its answer to include several affirmative defenses, we are precluded from granting plaintiffs' motion for summary judgment. Considering the broad standard for permitting amendment of pleadings and the great discretion accorded to trial courts in granting such a motion, we will not disturb the court's decision regarding defendant's motion (*see* CPLR 3025 [b]; *Smith v Haggerty*, 16 AD3d 967, 967-968 [2005]). As plaintiffs have not demonstrated prejudice and almost no discovery has taken place, the court did not abuse its discretion (*see Fleming v Barnwell Nursing Home & Health Facilities*, 309 AD2d 1132, 1133 [2003]). Based on our determination regarding the CBA's plain meaning, however, defendant's first affirmative defense is dismissed as plainly lacking in merit (*see Barber v Barber*, 246 AD2d 781, 782 [1998]). We remit to Supreme Court for further proceedings concerning the remaining affirmative defenses, reserving to plaintiffs the ability to again move for summary judgment if those defenses are unsuccessful.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion to amend the first affirmative defense; cross motion denied to that extent, said affirmative defense dismissed, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.