CITY OF PLATTSBURGH, Respondent, v DAN BORNER, Doing Business as RAINBOW CONCESSIONS, Appellant. [831 NYS2d 579]—

Peters, J. Appeal from an order of the County Court of Clinton County (McGill, J.), entered March 30, 2006, which, inter alia, partially affirmed a judgment of the City Court of the City of Plattsburgh in favor of plaintiff.

As here relevant, defendant had licensing agreements to operate food and beverage concessions at plaintiff's City Beach recreation complex. In such agreements, plaintiff reserved its right to hold special events or festivals at such complex and, in connection therewith, to allow the special events promoter to sell food and beverages for the duration of the special event without prejudicing defendant's rights. After plaintiff granted Terrapin Presents, Inc. the right to hold a special event concert at the City Beach complex, a dispute arose between plaintiff and defendant regarding defendant's rights under these agreements. Defendant alleged that he had an exclusive right to sell certain items and that plaintiff had placed, or allowed to be placed, various barriers preventing free and convenient access to defendant's concessions. After the concert, defendant stopped all payments to plaintiff.

In July 1999, this breach of contract action was commenced by plaintiff in Plattsburgh City Court; defendant counterclaimed for breach of contract. After trial, City Court directed a verdict in favor of plaintiff regarding its collection of all outstanding payments under the agreements and the jury returned a verdict in favor of defendant concerning his breach of contract claim. Cross appeals were filed, resulting in County Court affirming the directed verdict, remanding the issues of counsel fees and interest to City Court for a hearing and reversing the jury verdict and award. Defendant appeals and we affirm.

Defendant correctly contends that plaintiff's oral motion for a directed verdict pursuant to CPLR 4401 expressly excluded the issue presented by defendant's counterclaim, to wit: whether plaintiff breached its contract with defendant. This was an implicit concession that such question was one for the jury (*see Miller v Miller*, 68 NY2d 871 [1986]). However, when plaintiff made another motion after the verdict, pursuant to CPLR 4404 (a), on the breach of contract claim, it properly preserved its ability to contest defendant's claim as a matter of law (*see* CPLR 4404 [a]; Siegel, NY Prac § 405, at 685-686 [4th ed]).

Left to assess the contracts at issue, it is settled that a clear and complete agreement will be enforced according to its terms (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]) and that parole evidence may not be considered until a finding of ambiguity is made by the court (*see CV Holdings, LLC v Artisan Advisors, LLC*, 9 AD3d 654, 656 [2004]). Here, the "City Beach food, beverage concession license agreement" and the "City vendor licensing agreement for sale of beer, pizza, popcorn," clearly stated that defendant had a "non-exclusive right" to sell specific goods and services with an "exclusive right to sell [beer, popcorn and pizza] at the Beach vendor pavilion." Both agreements further contained a "City's Rights" clause, which stated as follows: "[Plaintiff] maintains the right to hold special events or festivals on the Recreation Complex grounds and facilities without prejudicing the terms of this agreement. The licensee shall have the right to operate per the terms expressed herein during any special event or activity. [Plaintiff] does maintain the right to allow the sale and/or dispensing of food, beverage and/or souvenir items by other parties for the duration of the special event. The licensee has the right to negotiate with the special events promoter to sell/vend product during the special event."

In our view, County Court correctly concluded that the plain language of these agreements unambiguously limited defen-

dant's exclusive right to sell beer, popcorn and pizza only in the Beach vendor pavilion and not in the entire City Beach area as he contends. As there is no evidence or allegation that Terrapin used the Beach vendor pavilion for the sale of those items, County Court correctly determined that City Court should have granted plaintiff's motion for a judgment notwithstanding the verdict, as a matter of law, that there was no breach of contract when Terrapin sold those items in areas other than the Beach vendor pavilion. Consideration of any evidence outside of the contract's clear and unambiguous terms was not appropriate (*see CV Holdings, LLC v Artisan Advisors, LLC, supra* at 657).

Our review also supports a finding that plaintiff's motion for a judgment notwithstanding the verdict on the claim that plaintiff blocked access during this special event should have been granted under the principles enunciated in *Cohen v Hallmark Cards* (45 NY2d 493 [1978]; *see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Lawrence v Capital Care Med. Group, LLC*, 14 AD3d 833 [2005]). The only evidence of obstruction was fencing permitted by the terms of the parties' agreements. Testimony by defendant confirmed that the Beach vendor pavilion was unobstructed and that he effectuated sales for the duration of the event, including those to plaintiff's employees for which plaintiff established an account.

Nor do we find any error in County Court's affirmance of the directed verdict for moneys due plaintiff. There is no dispute that defendant occupied the space leased by the agreements, that the agreements established clear payment schedules and that only a partial payment was made by defendant, despite these terms. Viewing plaintiff's summons identifying the action as one for a breach of contract with the allegations in the amended complaint amplifying that claim (*see Antokol & Coffin v Myers*, 30 AD3d 843, 848 [2006]; *see also Ascoli v Lynch*, 2 AD3d 553, 555 [2003]), County Court properly affirmed City Court's grant of plaintiff's motion for a directed verdict on this issue.*

County Court's remand of "the issues of attorney fees and interest" to City Court for "a hearing . . . to determine the

---

* There is no merit to defendant's claim that this award should be deemed abandoned pursuant to 22 NYCRR 210.33 (b). When City Court granted the directed verdict, it was not reduced to a written decision. Since the applicable 60-day time period to submit an order (*see* 22 NYCRR 210.33 [a]) does not begin to run until "after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 210.33 [a]), there is no violation of that section (*see Funk v Barry*, 89 NY2d 364, 367-368 [1996]; *cf. Citibank v Velazquez*, 284 AD2d 364, 364 [2001]).

reasonableness and amount of said claim," is not ripe for our review.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.