# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1250**
**CA 12-00171**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND WHALEN, JJ.

---

HERBERT KOLBE, LYNNE NICHOLAS, JOANN SEEFELDT
AND PHYLLIS HARRIS, PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

CHRISTINE J. TIBBETTS, AS SUPERINTENDENT OF
SCHOOLS OF NEWFANE CENTRAL SCHOOL DISTRICT,
JAMES REINEKE, AS PRESIDENT OF NEWFANE BOARD
OF EDUCATION, NEWFANE BOARD OF EDUCATION AND
NEWFANE CENTRAL SCHOOL DISTRICT,
DEFENDANTS-APPELLANTS.

---

HODGSON RUSS LLP, BUFFALO (JEFFREY T. FIUT OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

REDEN & O'DONNELL, LLP, BUFFALO (TERRY M. SUGRUE OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered October 18, 2011. The judgment, inter alia, granted the motion of plaintiffs for summary judgment and denied the cross motion of defendants for summary judgment.

It is hereby ORDERED that the judgment so appealed from is reversed on the law without costs, the motion is denied, the cross motion is granted, the third through sixth decretal paragraphs are vacated, and judgment is granted in favor of defendants as follows:

It is ADJUDGED AND DECLARED that defendants are not obligated to maintain health insurance coverage equivalent to that in effect at the time each plaintiff retired.

Memorandum: Plaintiffs, retirees of defendant Newfane Central School District (District), commenced this breach of contract/declaratory judgment action seeking, inter alia, a declaration that their rights with respect to health insurance benefits are governed by each collective bargaining agreement (CBA) that was in effect at the time each plaintiff retired. Supreme Court granted plaintiffs' motion seeking summary judgment and denied defendants' cross motion for summary judgment.

Each CBA in effect at the time of plaintiffs' respective retirements set forth a nominal copay for prescriptions in accordance

with the health care plan that was in effect at that time.  In December 2009, each plaintiff was notified that, pursuant to the CBA effective January 1, 2010, the copay for prescriptions would be significantly increased.  Plaintiffs alleged in their complaint that they are not obligated to pay the higher rate but, rather, are obligated to pay only the rate that was in effect at the time of their respective retirements.

The language at issue is contained in section 6.5. of each CBA, and that section is entitled "**Retirement Benefits**."  In each CBA, section 6.5.3 provides in relevant part that full-time employees who retire from the District under the New York State Employees' Retirement System may receive credit for group health insurance premiums based on accumulated sick leave.  In the CBAs in effect from 1990 through 1994 and 1994 through 1996, the language at issue states that "[t]he coverage provided shall be the coverage which is in effect for the unit at such time as it is provided to the employee."  In the subsequent CBAs, the language at issue states that "[t]he coverage provided shall be the coverage which is in effect for the unit at such time as the employee retires."  Section 6.4 in each of the CBAs provides that retired employees shall be eligible to "continue group health insurance" upon the payment of a monthly premium to the District.  Section 6.4 also sets forth the health plans available to the employees covered by the respective CBAs.

We agree with defendants that the court erred in determining that the unequivocal language of the respective CBAs required that the prescription copay amount set forth in section 6.4 could not be altered based upon the language in section 6.5.3, providing that unused sick leave could be used to pay for health care coverage.  The unambiguous language in section 6.5.3 provides that, at the time of his or her retirement, the retiree is entitled to the same coverage that is provided to the bargaining unit.  The language does not specify that an equivalent level of coverage will continue during retirement (*cf. Williams v Village of Endicott*, 91 AD3d 1160, 1161; *Della Rocco v City of Schenectady*, 252 AD2d 82, 84, *lv dismissed* 93 NY2d 1000; *see generally Hudock v Village of Endicott,* 28 AD3d 923, 923).  In *Williams* (91 AD3d at 1161), the CBA provided that the defendant " 'shall keep in full force and effect medical coverage and hospital coverage for each member of the bargaining unit, with benefits *to be of a value at least equivalent to those presently in force*' " (emphasis added).  In *Della Rocco* (252 AD2d at 84), the CBA provided that the defendant "would provide insurance coverage '*equivalent to the plan presently in effect* for each member of the Department and his [or her] family, and for retired members and their families' " (emphasis added).  In *Hudock* (28 AD3d at 923), the CBA provided that the annual cost toward the premium would remain the same.  Here, the respective CBAs do not provide that the level of health coverage will not be reduced or that the annual cost will not increase.

Inasmuch as the benefits for represented employees were likewise reduced, defendants have complied with the statutory requirement that

they not reduce plaintiffs' coverage below the level of coverage provided to active employees (*see* L 1994, ch 729, as extended by L 2009, ch 30).  In light of our determination, we need not address defendants' remaining contentions.

All concur except LINDLEY and WHALEN, JJ., who dissent and vote to modify in accordance with the following Memorandum:  We respectfully dissent.  We disagree with the majority's determination that the language in section 6.5.3 of each collective bargaining agreement (CBA) is unambiguous.  The relevant language of that section provides that full-time employees who retire from defendant Newfane Central School District (District) under the New York State Employees' Retirement System plan shall be entitled to credit toward group health insurance premiums for accumulated sick leave.  That section further provides that, in the event of the retiree's death, the benefit shall transfer to the surviving spouse.  As noted by the majority, one version of the CBA states that "[t]he coverage provided shall be the coverage which is in effect for the unit at such time as it is provided to the employee," while the other version states that "[t]he coverage provided shall be the coverage which is in effect for the unit at such time as the employee retires."  The language in section 6.5.3 regarding the level of coverage for retirees conflicts with language found in section 6.4 of the CBA.  Section 6.4 provides that retired employees shall be eligible to "continue group health insurance" upon payment of a monthly premium to the District.  In section 6.5.3, the word "benefit" is used to describe the sick-leave accrual and the word "coverage" is used to describe the particular plan, or health insurance.  The words "benefit" and "coverage" may have been included in the same paragraph in order to distinguish between the two words and to establish different rights for retirees.  Section 6.5.3 may have given retirees additional rights to health insurance coverage in addition to those provided in section 6.4.  " 'A contract is ambiguous if the language used lacks a definite and precise meaning, and there is a reasonable basis for a difference of opinion' " (*Williams v Village of Endicott*, 91 AD3d 1160, 1162).  Given the conflict between section 6.5.3 and section 6.4, we believe that an ambiguity exists.  We have held that, "[i]n the event that a contract is ambiguous, its interpretation is still a matter for the court unless 'determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence' " (*Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 218, quoting *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172).  The parties submitted conflicting evidence regarding the intended meaning of the provisions at issue here, and a determination as to such intended meaning cannot be made absent additional extrinsic evidence.  We therefore conclude that the matter should be remitted to Supreme Court for a hearing at which parol evidence may be presented to establish the parties' intent.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court