Memorandum: Plaintiffs, retirees of defendant Newfane Central School District (District), commenced this breach of contract/declaratory judgment action seeking, inter alia, a declaration that their rights with respect to health insurance benefits are governed by each collective bargaining agreement (CBA) that was in effect at the time each plaintiff retired. Supreme Court granted plaintiffs’ motion seeking summary judgment and denied defendants’ cross motion for summary judgment.
Each CBA in effect at the time of plaintiffs’ respective retirements set forth a nominal copay for prescriptions in accordance with the health care plan that was in effect at that time. In December 2009, each plaintiff was notified that, pursuant to the CBA effective January 1, 2010, the copay for prescriptions would be significantly increased. Plaintiffs alleged in their complaint that they are not obligated to pay the higher rate but, rather, are obligated to pay only the rate that was in effect at the time of their respective retirements.
The language at issue is contained in section 6.5. of each CBA, and that section is entitled “Retirement Benefits.” In each CBA, section 6.5.3 provides in relevant part that full-time employees who retire from the District under the New York *1624 State Employees’ Retirement System may receive credit for group health insurance premiums based on accumulated sick leave. In the CBAs in effect from 1990 through 1994 and 1994 through 1996, the language at issue states that “[t]he coverage provided shall be the coverage which is in effect for the unit at such time as it is provided to the employee.” In the subsequent CBAs, the language at issue states that “[t]he coverage provided shall be the coverage which is in effect for the unit at such time as the employee retires.” Section 6.4 in each of the CBAs provides that retired employees shall be eligible to “continue group health insurance” upon the payment of a monthly premium to the District. Section 6.4 also sets forth the health plans available to the employees covered by the respective CBAs.
We agree with defendants that the court erred in determining that the unequivocal language of the respective CBAs required that the prescription copay amount set forth in section 6.4 could not be altered based upon the language in section 6.5.3, providing that unused sick leave could be used to pay for health care coverage. The unambiguous language in section 6.5.3 provides that, at the time of his or her retirement, the retiree is entitled to the same coverage that is provided to the bargaining unit. The language does not specify that an equivalent level of coverage will continue during retirement (cf. Williams v Village of Endicott, 91 AD3d 1160, 1161 [2012]; Della Rocco v City of Schenectady, 252 AD2d 82, 84 [1998], lv dismissed 93 NY2d 1000 [1999]; see generally Hudock v Village of Endicott, 28 AD3d 923, 923 [2006]). In Williams (91 AD3d at 1161), the CBA provided that the defendant “ ‘shall keep in full force and effect medical coverage and hospital coverage for each member of the bargaining unit, with benefits to be of a value at least equivalent to those presently in force’ ” (emphasis added). In Della Rocco (252 AD2d at 84), the CBA provided that the defendant “would provide insurance coverage ‘equivalent to the plan presently in effect for each member of the Department and his [or her] family, and for retired members and their families’ ” (emphasis added). In Hudock (28 AD3d at 923), the CBA provided that the annual cost toward the premium would remain the same. Here, the respective CBAs do not provide that the level of health coverage will not be reduced or that the annual cost will not increase.
Inasmuch as the benefits for represented employees were likewise reduced, defendants have complied with the statutory requirement that they not reduce plaintiffs’ coverage below the level of coverage provided to active employees (see L 1994, ch 729, as extended by L 2009, ch 30). In light of our determination, we need not address defendants’ remaining contentions.
*1625 All concur except Lindley and Whalen, JJ., who dissent and vote to modify in accordance with the following memorandum.