HAMMOND, KENNEDY & Co., INC., Respondent-Appellant, v SERVINATIONAL, INC., Appellant-Respondent.

First Department, June 24, 1975

*Alan J. Hartnick* of counsel *(Colton Weissberg Hartnick & Yamin,* attorneys), for appellant-respondent.

*Richard J. Concannon, Thomas J. Martin* and *Leonard M. Kessler* of counsel *(Kelley Drye & Warren,* attorneys), for respondent-appellant.

STEVENS, P. J. Defendant, Servinational, Inc., appeals from an order entered June 25, 1974, in the Supreme Court, New York County (CALLAHAN, J.) which denied its motion to dismiss the complaint and plaintiff cross-appeals from so much of that order as denied its motion for summary judgment.

By letter agreement dated November 2, 1972, and approved by the president of Outdoor Supply Company (the predecessor of Servinational, Inc.) on November 14, 1972, the parties agreed that:

"Hammond, Kennedy & Company, Inc. is prepared to act as follows:

"We will act as intermediary on an exclusive basis to either

"1. Arrange for a financing in an amount that is suitable to the management of Outdoor Supply Company, Inc.

"or

"2. Arrange for a sale or merger of Outdoor Supply Company, Inc. or any of its parts.

"If a transaction is closed, we will receive a commission of 8% of the total monies raised if the transaction is a financing of 5% of the total sales price if the transaction is a sale or merger.

"Nothing shall be paid to us for expenses or otherwise beyond the above specified commission which is due only if and when a transaction is closed.

"This agreement shall be terminable at any time in writing. However, while this exclusive agreement is in effect, you agree that Outdoor Supply Company, Inc., will proceed only through us and will not directly or through others negotiate the sale or merger of the company.

"Should you retain us and then terminate this agreement, we would name to you the parties with whom negotiations have been initiated, and you would be liable to us for a commission only if such negotiations subsequently result in an agreement with one of such parties.

"If you wish us to act on your behalf, please sign and return a copy of this letter agreement."

Outdoor Supply terminated the agreement by letter dated April 11, 1973. By letter dated April 18, 1973, plaintiff acknowledged the termination and, in accordance with the agreement, submitted a list of companies it had contacted during the life of the agreement. Included in that list was a company contacted directly by Outdoor Supply during the life of the agreement, American Recreation Group, Inc. It appears that during the life of the agreement, Outdoor Supply negotiated the sale of its soft goods operation to subsidiaries of American Recreation Group, Inc.; however, the transaction was not completed until April 30, 1973, after the termination of the agreement. In addition, while the agreement was still in effect, Outdoor Supply negotiated and sold its boating operations to the National Boat Corporation on February 16, 1973. These transactions were without plaintiff's knowledge and, when it learned of them, plaintiff brought suit to recover 5% commission on each of the transactions charging a breach of contract by the defendant. Before joinder of issue, defendant moved to dismiss for failure to state a cause of action and

plaintiff cross-moved for summary judgment. Special Term denied both motions.

The issue is whether the agreement granted plaintiff an exclusive agency or an exclusive right to sell. If it was an exclusive agency, defendant could not employ another broker, but would not be precluded from itself making the sale without becoming liable to plaintiff for a commission. On the other hand, if the agreement were considered an exclusive right to sell, then plaintiff would be entitled to a commission even if the defendant alone were responsible for the sale. Defendant urges that, at most, the agreement was an exclusive agency, while plaintiff contends that it was granted an exclusive right to sell.

With regard to defendant's sale of its boating operations to the National Boat Corporation on February 16, 1973, while the agreement was still in effect, plaintiff is clearly entitled to the commission it seeks, that is 5% of the sale price. There is no doubt that under the fourth paragraph of the letter agreement, there was an exclusive right to sell during the life of such agreement. (*Barnet v Cannizzaro*, 3 AD2d 745; *Gaillard Realty Co. v Rogers Wire Works*, 215 App Div 326; *Hammond v C.I.T. Financial Corp.*, 203 F2d 705.) Defendant's contention that, if plaintiff had an exclusive right to sell, it involved the sale of the entire business and not a portion must be rejected by the plain language of the agreement itself. (See *Atwater & Co. v Panama R.R. Co.*, 246 NY 519.)

As to the sale on April 30, 1973, of defendant's software operations, it is not quite so clear as to whether or not plaintiff is entitled to a commission. The fifth paragraph of the letter agreement calling for a commission on a subsequent sale or merger resulting from negotiations initiated during the life of the agreement does not make clear whether plaintiff is entitled to a commission upon a sale, when the sale is to a party with whom plaintiff has not had any prior negotiations. Therefore, the question of the intent of the parties arises, which issue should be left for trial.

Accordingly, the order appealed from should be modified on the law to the extent of granting plaintiff's motion for summary judgment with regard to the February 16, 1973 sale and should otherwise be affirmed without costs.

MURPHY, J. (dissenting in part). I would go further and also grant plaintiff summary judgment with respect to the April

30, 1973 sale by defendant of its software operations. Given its plain business meaning, the exclusive agreement in issue clearly envisions plaintiff's right to recovery where, as here, negotiations between defendant and the ultimate purchaser leading to such sale occurred while said agreement was in effect.

LUPIANO, CAPOZZOLI and NUNEZ, JJ., concur with STEVENS, P. J.; MURPHY, J., dissents in part in an opinion.

Order, Supreme Court, New York County, entered on June 25, 1974, modified, on the law, to the extent of granting plaintiff's motion for summary judgment with regard to the February 16, 1973 sale, and otherwise affirmed, without costs and without disbursements.

Settle order on notice.