■ COLLEGE AUXILIARY SERVICES OF STATE UNIVERSITY COLLEGE AT PLATTSBURGH, INC., Respondent, v SLATER CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered February 16, 1982 in Clinton County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the first cause of action in the complaint. During the course of negotiations between plaintiff, a not-for-profit corporation which operates and manages the student dining facilities at SUNY Plattsburgh, and defendant, a subsidiary of ARA Services, Inc. (ARA), concerning the retention of ARA's services, ARA, within the contents of a letter addressed to plaintiff and dated April 15, 1976, made certain financial recommendations including specific board rates which were designed to save plaintiff a considerable sum of money. At a meeting of the executive board of plaintiff on April 26, 1976, a contract with ARA was authorized. However, at the same meeting plaintiff established a board rate schedule for the 1976-1977 school year in excess of the rates recommended by ARA. The parties entered into a consulting contract on May 26, 1976 whereby ARA represented that it had "the necessary expertise, technical knowledge, research and development facilities" to provide "professional expertise and consulting advice" with respect to plaintiff's dining facilities. The contract made no reference to any board plan rates for the 1976-1977 school year. After ARA entered upon its duties, plaintiff alleges that it lost large sums of money in carrying out the food program supervised by ARA. In consequence of that alleged loss of income, plaintiff commenced this action on October 27, 1978. The first cause of action alleged in the complaint sounds in negligence and specifically alleges professional negligence on the part of ARA in failing to exercise such skill, knowledge, prudence and diligence as are commonly possessed by professionals in the food service field.[*] Special Term denied defendant's motion for summary judgment dismissing the first cause of action. This appeal ensued. We affirm. The factual issue requisite to Special Term's denial of defendant's motion for summary judgment was raised by plaintiff's allegations that defendant, in its letter of April 15, 1976, represented itself to be a professional food service consultant possessed of special skills and knowledge in the area of dining

---

[*] The second and third causes of action are not germane to this appeal.

facilities for large numbers of people, and, further, that its recommended board rate schedule, despite the fact that plaintiff unilaterally increased such rate, was not high enough to meet plaintiff's needs or generate a profit. Defendant contends that since the allegedly negligent recommendation with respect to rates was made prior to the execution of a contract between the parties, at a time when defendant owed no duty to plaintiff, it cannot be liable for the negligent breach of a nonexistent duty. This contention is rejected. If one acts in a professional capacity, as here, even if gratuitously or at the bidding of another, he is duty bound to act with the care required of him and is answerable if that duty of care is breached (see *Glanzer v Shepard,* 233 NY 236). ARA made its recommendations to a specific corporate entity with the expectation that they would persuade plaintiff that it would be in that body's best interest to adopt the proposed plan and contract with defendant. The contract was executed and the consequent loss to plaintiff may be traceable to carelessness on the part of ARA, particularly with respect to the recommended rate schedule (see *White v Guarente,* 43 NY2d 356). Plaintiff's action in unilaterally increasing the rate schedule by $15 per student is irrelevant in terms of abrogation of defendant's duty since the use of the larger rate still resulted in a nonprofitable operation. Lastly, defendant's contention that any statements, recommendations and proposals contained in the April 15, 1976 letter were integrated into the written contract and are therefore not admissible in support of plaintiff's negligence action is without merit. In the absence of fraud or mistake " 'a written contract merges all prior and contemporaneous negotiations in reference to the same subject' " (*Cowper Co. v CDC-Troy, Inc.,* 50 AD2d 1076). While preliminary negotiations may not be received to vary or contradict the plain terms of a final contract, particularly when the intention of the parties is clearly evident from the instrument itself (see *West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535), when, as here, there is doubt or ambiguity as to the intention of the parties, all dealings between the parties should be considered (see *Rottkamp v Eger,* 74 Misc 2d 858, 861). Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.

