■ Brown, Harris, Stevens, Inc., Respondent, v Seth L. Rosenberg et al., Appellants.—Order, Supreme Court, New

York County (Karla Moskowitz, J.), entered September 8, 1989, adopting the decision of the Supreme Court, New York County (Andrew R. Tyler, J.), entered November 1, 1988, which denied the motion of defendants for summary judgment pursuant to CPLR 3212 dismissing the complaint, is unanimously affirmed, with costs.

In this action for a brokerage commission on a nonexclusive brokerage agreement, plaintiff alleges that its actions in showing the purchaser the apartment at least four times, obtaining plans, financial information and comparable values for the purchaser, appraising the apartment for the seller and keeping in contact with the parties was sufficient to raise questions of fact as to entitlement to the commission where the sale eventually resulted from direct negotiation between the seller and purchaser after their personal introduction to each other by a nonbroker third party. It is sufficient to entitle a real estate broker to compensation that a sale is affected through his agency as its procuring cause; and, if his communications with the purchaser are the means of bringing him and the owner together, and the sale results in consequence, the compensation is earned, even though the broker does not negotiate and is not present at the sale *(see, Salzano v Pellillo,* 4 AD2d 789, 790). The function of the court on a motion for summary judgment is issue finding and not issue determination *(Esteve v Abad,* 271 App Div 725). Contrary to defendants' contentions, sufficient issues of fact exist as to whether plaintiff was the procuring cause of the sale *(Greene v Hellman,* 51 NY2d 197) so as to require a trial. Concur—Sullivan, J. P., Ross, Carro and Rosenberger, JJ.