■ KENNETH D. LAUB & COMPANY, INC., Appellant, v 101 PARK AVENUE ASSOCIATES, Respondent.—Order of the Supreme Court, New York County (Martin Stecher, J.), entered on July 13, 1989, which granted defendant's motion for summary judgment dismissing the complaint, and the judgment of said court entered thereon on July 13, 1989, unanimously affirmed, with costs.

Plaintiff brought this action to recover a brokerage commis-

sion from defendant, the owner of a building at 101 Park Avenue, pursuant to a brokerage agreement which was entered into on May 12, 1980 and which related to a lease to be made between defendant, as landlord, and Messrs. Dewey, Ballantine, Bushby, Palmer & Wood (Dewey). Originally, summary judgment was granted to plaintiff but, on May 8, 1984, this court reversed, finding that there were material issues of fact (101 AD2d 744). After additional discovery, the court below granted summary judgment to defendant. Plaintiff now appeals.

Plaintiff relies on the brokerage agreement between the parties, arguing that there is an issue of fact as to whether it is entitled to a commission. Plaintiff is correct that the court below erroneously construed the previous determination by this court. We did not find that the language of the agreement itself is clear regarding the extent of the services expected of plaintiff before a commission is earned. In fact, the agreement which is devoted primarily to the method of computation of a commission, is ambiguous on this point.

Where the language of an agreement leaves the intention of the parties doubtful or ambiguous, all the prior dealings of the parties are admissible to determine their intent (*College Auxiliary Servs. v Slater Corp.*, 90 AD2d 893). The evidence reveals that the brokerage agreement was entered into at defendant's insistence when plaintiff first approached defendant on Dewey's behalf. Both parties understood that the only purpose of the agreement was to set the amount of a possible commission and to provide indemnification by plaintiff for any claims by other brokers against defendant.

In order to defeat a motion for summary judgment, it is incumbent upon the opponent to present evidentiary proof sufficient to raise a triable issue of fact (*Freedman v Chemical Constr. Corp.*, 43 NY2d 260). Plaintiff has failed to present any evidence that the parties intended the agreement be a "special agreement" which would entitle plaintiff to a commission even if it were not the procuring cause of the tenancy (*Greene v Hellman*, 51 NY2d 197, 205). Plaintiff has therefore raised no material issue of fact regarding its proper interpretation. In addition, as this court previously held, the lease itself does not adequately recognize plaintiff's role as broker so as to eliminate the need for extrinsic proof. No such proof has been offered.

We agree with the finding of the court below that there was no material issue of fact that plaintiff was not the procuring cause of the lease. In *Greene v Hellman* (51 NY2d 197, 205,

*supra)* the court held, "[i]t has long been recognized that a broker, save when he enjoys the benefit of a special agreement to the contrary, does not automatically and without more make out a case for commissions simply because he initially called the property to the attention of the ultimate purchaser". Here, it is clear that plaintiff did no more than call Dewey's attention to the property, if that. The original proposal for a lease for 150,000 square feet, which Dewey contends was never seriously considered, was simply information obtained from defendant and relayed by plaintiff to Dewey, along with defendant's comment that it might also have smaller areas available. Plaintiff played no part in negotiations for the lease actually entered into *(cf., Brown, Harris, Stevens v Rosenberg,* 156 AD2d 249 [issue of fact as to whether broker was procuring cause where it showed property to purchaser four times, obtained plans, financial information and comparable values for purchaser, appraised the apartment for seller and kept in contact with parties]). Since plaintiff was not the procuring cause of the lease, it is not entitled to recovery, and the existence of a factual dispute concerning the applicability of the agreement to the lease in question is simply irrelevant. Concur—Ross, J. P., Carro, Wallach and Rubin, JJ.