OPINION OF THE COURT
Louis B. York, J.
This is an action seeking to recover commissions for the successful recruitment and placement of an employee with defendant Quotron Systems, Inc. (Quotron). A nonjury trial was held before me on August 23,1993.
In its pleadings plaintiff charges that defendant Quotron *516 wrongfully paid the commissions owed to plaintiff to Fargo Search Associates (Fargo). Plaintiff named Fargo as a defendant; however, it never successfully completed service. Therefore, the action against Fargo is severed.
The credible evidence at trial established that from 1983 through the end of December 1988, Arthur Nazzaro was in charge of the communications placement department of Fargo, a professional recruitment firm. In 1988 defendant Quotron asked Fargo to furnish candidates for the position of site manager with Salomon Brothers; a job that Quotron anticipated would be available soon. Fargo, through Nazzaro, submitted the name of Noel Brown.
During November and December of 1988, Fargo through Nazzaro arranged an interview and a physical, both of which Brown attended. In December of that year, Nazzaro told Myron Chafetz, Fargo’s president at the time, that it looked like Quotron was going to hire Brown for the site manager position. Nazzaro even took the unusual step of preparing a placement card for Brown, something normally not done until a placement was completed. However, Quotron would not make a formal offer because Salomon Brothers had not yet authorized it to do so.
In January of 1989, Nazzaro left Fargo very abruptly to form A N Associates, Inc., also a professional recruitment firm. He notified Quotron of his new position in the search and placement field. He continued to work with Brown without Fargo’s knowledge, upgrading Brown’s resumé and submitting it anew to Quotron, He arranged several more meetings between Brown and Quotron. Nazzaro entered into salary negotiations on Brown’s behalf, ultimately obtaining an offer that Brown accepted. Brown went to work as a site manager for Salomon Brothers.
Dave King of Quotron spoke with Myron Chafetz, who told him that Nazzaro did not have authority to continue with Brown’s placement. King sent the commission check of $15,-750 due for Brown’s placement to Fargo. This sum represented 25% of Brown’s annual salary. Plaintiff now sues for this amount as rightfully belonging to it.
One recent New York case establishes that employee recruitment firms are entitled to a commission for successfully recruiting an employee if the firm is the procuring cause of the employee’s placement. (Barrister Referrals v Windels, Marx, Davies & Ives, 169 AD2d 622 [1st Dept 1991].) No cases *517 establish guidelines for determining whether such an agency has established its right to a commission as the procuring cause of the successful placement. However, the conditions are quite similar to the rights of real estate brokers — who also engage in the activity of bringing buyer and a seller together in return for a commission if she is the procuring cause of the sale. (Greene v Hellman, 51 NY2d 197 [1980].) To be the procuring cause, the broker must do more than merely bring the parties together. He must serve as the direct and proximate link between the introduction and the consummation of the transaction. She must, in effect, be the dominant force in the negotiations or the completion of the sale. (Greene v Hellman, 51 NY2d, at 206; see also, Simon v Electrospace Corp., 28 NY2d 136 [1971] [applying same framework where plaintiff was "finder of business opportunities”].)
While the principles are easily stated, they are less simple to apply in practice. When more than one broker competes for a single commission, these factors have to be carefully examined by comparing each broker’s activities to the activities of the other brokers involved and by evaluating them in light of the general guidelines. In Brown, Harris, Stevens v Rosenberg (156 AD2d 249 [1st Dept 1989]), the defendants were denied summary judgment in a broker’s suit for commissions even though the buyer and seller indirectly negotiated the sale without the broker’s assistance, the broker did not introduce the parties and the broker was not present at the sale. But he did show the apartment to the buyer four times, obtain financial information and comparable values for the purchaser, appraise the apartment for the seller and keep in contact with the parties. The court decided that a determination on the merits had to await the trial where the finder of facts would evaluate them in deciding whether the broker was the procuring cause of the sede. In the case at hand, the court must apply the principles set forth in Brown, Harris, Stevens and weigh the competing factors — but must do so after trial rather than pursuant to a motion for summary judgment.
In this action the court is forced to consider the actions of Nazzaro while at Fargo and then after he left Fargo and went to A N Associates. I conclude that Nazzaro’s activities while he was at Fargo were most crucial in forging the link to Brown’s ultimate hiring. It was there that he made the initial contact, introduced Brown to Quotron, arranged the interview and the physical and succeeded in getting Quotron seriously interested in Brown. After Nazzaro left Fargo his efforts were *518 much less crucial than the initial contact established when Nazzaro was still at Fargo. It was when Nazzaro was at Fargo that Quotron’s interest in Brown was first sparked and fed by his interview and physical. Nazzaro’s post-Quotron activities, though important in concluding the transaction, were essentially follow-up activities.
The action is dismissed with costs.