■ HELMSLEY-SPEAR, INC., Appellant, v 150 BROADWAY N. Y. ASSOCIATES, L.P., et al., Respondents. [674 NYS2d 660] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 13, 1997, which, insofar as appealed from, granted defendant landlord's motion for summary judgment dismissing plaintiff real estate broker's causes of action against it to recover a commission and for unjust enrichment, granted defendant prospective tenant's motion for summary judgment dismissing the cause of action against it for tortious interference with contract, and denied plaintiff's cross motion to compel disclosure, unanimously affirmed, with costs.

No issue of fact exists as to whether plaintiff was the procuring cause of the October 1994 lease, and none of the disclosure it seeks could possibly aid it in establishing that it was, or was prevented from becoming such by bad faith, tortious interference or otherwise (*see*, *Reilly & Co. v Rockefeller Ctr. Mgt.*

*Corp.*, 223 AD2d 477). A showing that a broker simply introduced the parties or called the property to the tenant's attention, without more, does not entitle the broker to a commission; there must be a proximate link between the broker's efforts and the consummation of the transaction (*see, Greene v Hellman*, 51 NY2d 197, 205-206; *Cushman & Wakefield v 214 E. 49th St. Corp.*, 218 AD2d 464, 467, *appeal dismissed* 88 NY2d 951, *lv denied* 88 NY2d 816). Here, the uncontroverted evidence shows that plaintiff, which at most had an oral, nonexclusive agreement with defendant landlord, had merely introduced defendant prospective tenant to the premises, made inquiries about the amount and configuration of space available for lease there, and repeated a request of the prospective tenant for architectural plans. While this apparently resulted in some contact between the landlord and the prospective tenant, it is undisputed that the principals did not begin to discuss specific proposals for essential terms of a lease until December 1993, after the landlord had retained a different broker, and more than a year after plaintiff ceased to make any substantive efforts in the fall of 1992. Only after still another set of brokers became involved in August 1994 were drafts of a lease even circulated, and the lease itself was not executed until October 1994, after negotiations in which plaintiff played no part. Nor can plaintiff recover on the theory that the landlord, in bad faith, prevented it from procuring the lease, inasmuch as plaintiff's efforts were not " 'about to prove effectual' " at the time they ceased, approximately two years before the lease was executed (*cf., Goodman v Marcol, Inc.*, 261 NY 188, 192; *see also, Aegis Prop. Servs. Corp. v Hotel Empire Corp.*, 106 AD2d 66, 75). Plaintiff's cause of action against the prospective tenant for tortious interference with its contractual relations with the landlord is also without merit, there being no evidence that the landlord breached any contract it had with plaintiff (*see, NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 620-621). Concur—Lerner, P. J., Rubin, Williams, Mazzarelli and Andrias, JJ.