■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT CARR, Appellant. [679 NYS2d 108] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered October 31, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury had ample basis upon which to reject defendant's agency defense. Defendant, who had no prior contact with the undercover officer, exhibited behavior before, during and after the sale, that was consistent with that of a "steerer" in a drug operation (see, People v Herring, 83 NY2d 780, 782).

Since the ineffective assistance of counsel portion of defendant's motion to set aside the verdict was based on facts outside the record (see, CPL 330.30 [1]), it was not properly before the court. Moreover, defendant was not prejudiced by any comments during the court's colloquy with counsel. Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.

■ ABRAHAM GLANZER, INC., Appellant, v MORRIS BAILEY, Respondent, et al., Defendant. [678 NYS2d 619] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered July 25, 1997, after a nonjury trial, dismissing an action to recover a real estate broker's commission, unanimously affirmed, without costs.

A fair interpretation of the evidence supports the trial court's findings that while plaintiff showed defendant Kaufman the property, introduced Kaufman to the seller and arranged meetings between them, and provided Kaufman with a sample draft contract of sale, Kaufman never made an offer to purchase the property due to lack of necessary financial resources, and that Kaufman's ultimate participation in the purchase as a 10% partner in the purchasing entity was due to an introduction plaintiff did not make, namely, Kaufman to defendant-respondent Bailey, the 90% partner, who had himself been in earlier contact with the seller. Plaintiff's claim that Bailey did not know about the property before he met Kaufman raises an issue of credibility, and we see no reason to disturb the trial court's finding to the contrary. Such finding concerning the state of Bailey's knowledge supports the court's further finding that even if, as plaintiff claims, it arranged a meeting between Bailey, Kaufman and the seller, it was not the procuring cause of the sale (see, Greene v Hellman, 51 NY2d 197, 206; Helmsley-Spear, Inc. v 150 Broadway N. Y. Assocs., 251 AD2d 185). Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.