■ JULIEN J. STUDLEY, INC., Appellant, v COACH, INC., et al., Respondents. [770 NYS2d 336]—

Judgment, Supreme Court, New York County (Charles Ramos, J.), entered July 12, 2002, which granted defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously modified, on the law, to the extent of reinstating the second, third and fourth causes of action against defendant Coach, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 24, 2002, unanimously dismissed, without costs, as superseded by the appeal taken from the judgment.

In this action to recover a brokerage commission, the second cause of action, which alleges that said commission is owed by Coach due to its bad faith termination of the brokerage agreement, should be reinstated. Plaintiff had been designated the exclusive broker with an exclusive right to negotiate on behalf of Coach subject, after six months, to termination upon 30 days' prior written notice. The complaint sufficiently alleges that plaintiff had engaged in active negotiations with the defendant landlords for over six months; that plaintiff had procured from the landlords "an offer for a new lease for space Coach was

then occupying and additional space at the [same] Building, including certain terms and conditions which Coach authorized Studley to accept on Coach's behalf from the [landlords]"; that just prior to the April 4, 2000 letter terminating the brokerage agreement, the defendant landlords circumvented plaintiff by contacting Coach directly with a revised lease proposal that was based on plaintiff's prior negotiations; that Coach then began negotiations directly with the landlords via attorneys "to the exclusion of and without advising [plaintiff] Studley," contrary to the brokerage agreement; that Coach then would not return phone calls or other communications from plaintiff; that when Coach gave 30-day notice of termination of the agreement and plaintiff continued to attempt to broker a lease agreement, Coach obstructed its efforts; and that approximately two months after the agreement was terminated, Coach and the landlords entered a lease for the same space that plaintiff had sought on Coach's behalf.

In *Sibbald v Bethlehem Iron Co.* (83 NY 378 [1881]), the Court held that a cause of action for a brokerage commission is sufficiently pleaded "[i]f the efforts of the broker are rendered a failure by the fault of the [principal]; if capriciously he changes his mind after the purchaser, ready and willing, and consenting to the prescribed terms, is produced" (*id.* at 383-384; *see also Quantum Realty Servs. v ISE Am.*, 214 AD2d 420 [1995]). Similarly, *Williams & Co. v Collins Tuttle & Co.* (6 AD2d 302 [1958], *lv denied* 5 NY2d 710 [1959]) holds that such pleading is sufficient if it is alleged that but for "plaintiff [being] prevented from continuing to act as broker in the said negotiation up to the time of execution of [the lease], it would have earned and become entitled to a commission" (*id.* at 310) and if "the terms of sale . . . were substantially similar to offers of proposed purchases by others submitted by plaintiff to the defendant[ ]" (*id.* at 309), but that a plaintiff need not allege that "it would have closed on the same or a substantially similar contract to that ultimately made with the prospect" (*id.* at 304, 309). The factual allegations cited above sufficiently fulfill these pleading requirements.

Coach's reliance on the brokerage agreement's termination on 30-day notice provision or, alternatively, its right to reject any proposal provision is of no moment when they are invoked in bad faith to avoid payment of a brokerage commission (*Sibbald*, 83 NY at 384).

Plaintiff's third and fourth causes of action, seeking to hold Coach liable for breach of the brokerage agreement's exclusivity provision, and for nonpayment by Coach of either the full com-

mission or 50% of the full commission, were also erroneously dismissed. The record before us, i.e., the March 24, 2000 correspondence between the landlords and Coach and the April 13, 2000 correspondence between Coach's attorneys and plaintiff, supports the allegations that Coach breached the exclusivity provision of the brokerage agreement prior to its termination. The agreement required that both Studley and Coach apprise the other of "all space offerings and solicitations meeting Coach's general parameters which are received by Coach or Studley during the term of th[e] Agreement from Coach's landlord and/or their representatives . . . and [that] all dealings for such space will be handled through Studley." With regard to its commission, plaintiff asserts the provision in the agreement that entitles it to payment if, during the term of the agreement, negotiations for a transaction were initiated even if the transaction was completed after termination. Plaintiff sufficiently asserts it is entitled to recover a commission due to the pretermination breach of the brokerage agreement's exclusivity provision and/or the posttermination lease agreement which allegedly resulted from the negotiations plaintiff initiated during the term of the brokerage agreement (see Hammond, Kennedy & Co. v Servinational, Inc., 48 AD2d 394 [1975]; Gaillard Realty Co. v Rogers Wire Works, 215 App Div 326, 328-330 [1926]).

Plaintiff's first cause of action, for "a full standard commission" as against the landlords, was correctly dismissed inasmuch as the complaint fails to sufficiently allege how the landlords might have interfered with plaintiff's right to a commission and, in any event, the lease entered into between Coach and the landlords expressly indemnifies the landlords against claims for brokerage commissions made by any broker claiming to represent Coach. Moreover, plaintiff's various contract theories seeking to attribute liability to the landlords for its commission are also refuted by the record evidence or unsubstantiated. Concur—Nardelli, J.P., Andrias, Saxe and Williams, JJ.