■ FAR REALTY ASSOCIATES INC. et al., Appellants, v RKO DELAWARE CORPORATION et al., Respondents. [823 NYS2d 403]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered May 25, 2005, which dismissed the complaint after a nonjury trial, unanimously affirmed, without costs.

Plaintiff Far Realty Associates and defendant RKO Corporation entered into a brokerage agreement giving the former the

"sole and exclusive agency to lease the premises." The agreement also contemplated that Far Realty would receive a commission if "able to sell the premises," with the amount of commission dependent on the sale price. When Far Realty thereafter failed to lease or sell the property expeditiously, defendants advised Far Realty that RKO Corporation wished to be released from the brokerage agreement. More than two years later, the premises were sold by the owner. Although it is undisputed that the transaction was not the result of any efforts on the part of Far Realty, it joined in bringing this action for the purpose of recovering a commission.

A broker is entitled to a commission upon the sale of the property by the owner only where the broker has been given the exclusive right to sell; an exclusive agency merely precludes the owner from retaining another broker in the making of the sale (see *Solid Waste Inst. v Sanitary Disposal*, 120 AD2d 915 [1986]; *Hammond, Kennedy & Co. v Servinational, Inc.*, 48 AD2d 394, 397 [1975]). A contract will not be construed to create an exclusive right to sell unless it expressly and unambiguously provides for a commission upon sale by the owner or excludes the owner from independently negotiating a sale (see *CV Holdings, LLC v Artisan Advisors, LLC*, 9 AD3d 654, 656 [2004]; *Harvard Assoc. v Hayt, Hayt & Landau*, 264 AD2d 814 [1999]).

The agreement between these parties was for an exclusive agency, and then only with respect to leasing the premises. A separate paragraph provided for a commission if Far Realty could sell the premises, but there was no exclusive right granted in that regard. Nothing in the agreement expressly and unambiguously declared that Far Realty would be due a commission upon sale by the owner, or otherwise excluded the owner from independently arranging for a sale.

We have considered plaintiffs' other arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Sweeny, JJ.