■ ROSENHAUS REAL ESTATE, LLC, Respondent, v S.A.C. CAPITAL MANAGEMENT, INC., et al., Appellant, et al., Defendants. [993 NYS2d 694]—

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about December 6, 2013, which, to the extent appealed from, denied defendants S.A.C. Capital Management, Inc., S.A.C. Capital Management, LLC and S.A.C. Capital Advisers, LLP's (collectively, SAC) motion for summary judgment dismissing the breach of contract cause of action against them, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against SAC.

In this action by plaintiff real estate broker to recover its commission, there are no issues of fact as to whether plaintiff had procured SAC's lease renewal and extension and as to whether SAC had frustrated plaintiff's performance in bad faith in order to avoid payment of the commission. It is undisputed that SAC, plaintiff's principal, was entitled to deal directly on its own, as the parties' agreement gave plaintiff an exclusive agency, rather than an exclusive right to deal (*see Morpheus Capital Advisors LLC v UBS AG*, 23 NY3d 528 [2014]; *Far Realty Assoc. Inc. v RKO Del. Corp.*, 34 AD3d 261, 262 [1st Dept 2006]). Plaintiff did not obtain a deal on the terms set by SAC or establish the requisite "direct and proximate link" between his efforts and the deal ultimately consummated (*SPRE Realty, Ltd. v Dienst*, 119 AD3d 93, 95 [1st Dept 2014]; *Jagarnauth v Massey Knakal Realty Servs., Inc.*, 104 AD3d 564, 565 [1st Dept 2013]). Plaintiff's alleged creation of an amicable atmosphere that led to the negotiations between its principal and the building's managing agent and owner is insufficient to demonstrate that plaintiff was the procuring cause of the deal (*see SPRE Realty*, 119 AD3d at 99).

Nor did SAC's January 2005 instruction that plaintiff refrain

from acting on its behalf demonstrate that SAC frustrated plaintiff's performance in bad faith in order to deprive plaintiff of its commission. At that point, plaintiff's efforts were not "plainly and evidently approaching success" with respect to the November 2006 lease renewal and extension (*Goodman v Marcol, Inc.*, 261 NY 188, 191-192 [1933]; *Sibbald v Bethlehem Iron Co.*, 83 NY 378, 384 [1881]). Indeed, the drafts for the renewal and extension were first circulated 1½ years after plaintiff ceased its efforts in this matter (*see Helmsley-Spear, Inc. v 150 Broadway N.Y. Assoc.*, 251 AD2d 185, 186 [1st Dept 1998]; *cf. O'Connell v Rao*, 70 AD2d 982 [3d Dept 1979], *lv denied* 48 NY2d 609 [1979]). Given the 1½-year gap here, *Quantum Realty Servs. v ISE Am.* (214 AD2d 420, 421 [1st Dept 1995]), relied upon by the motion court for the proposition that a "limited" interruption in the sequence of events does not prevent the broker from obtaining its commission, is distinguishable. Concur—Gonzalez, P.J., Saxe, Richter and Kapnick, JJ.