■ Retail Advisors Inc., Appellant, v SLG 625 Lessee LLC, et al., Respondents. [30 NYS3d 11]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered February 24, 2015, which granted defendants SLG 625 Lessee LLC and Fratelli Rossetti New York Ltd.'s motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Despite the contention of plaintiff, Retail Advisors Inc. (RAI), that it represented defendant Rossetti exclusively with respect to a lease renewal transaction, there was no agreement in place between these parties. Without such a contract, RAI's second cause of action, for breach of contract against Rossetti, fails, as does RAI's third cause of action, against SLG for tortiously inducing Rossetti to commit such a breach (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621 [1996]).

RAI's fourth cause of action, for tortious interference with prospective business relations, also fails because RAI cannot establish that Rossetti would have negotiated its 2012 lease renewal using RAI's services "but for [SLG's] wrongful conduct" (*Vigoda v DCA Prods. Plus*, 293 AD2d 265, 266 [1st Dept 2002]), based on Rossetti's frustration with how RAI had handled the failed 2010 through 2011 negotiations, and RAI's admitted mistakes in dealing with SLG.

RAI is not entitled to recover a co-brokerage commission under a theory of unjust enrichment (fifth cause of action), since its efforts were not successful at the time negotiations ceased, and SLG and Rossetti did not begin to speak again until one year after those negotiations reached an impasse (*see Rosenhaus Real Estate, LLC v S.A.C. Capital Mgt., Inc.*, 121 AD3d 409, 410 [1st Dept 2014]; *Helmsley-Spear, Inc. v 150 Broadway N.Y. Assoc.*, 251 AD2d 185, 186 [1st Dept 1998]).

RAI's argument that it was entitled to a commission based on a "special" contract or agreement (first cause of action) in which SLG supposedly agreed to pay RAI a commission regardless of the April 2011 impasse in negotiations also fails, as plaintiff failed to present any evidence that the parties

intended a brokerage agreement to be a "special agreement" which would entitle plaintiff to a commission even if it were not the procuring cause of the tenancy (*Kenneth D. Laub & Co. v 101 Park Ave. Assoc.*, 162 AD2d 294, 295 [1st Dept 1990] [citation omitted]). Although the unsigned brokerage agreement referenced the pending negotiations, which, like the negotiations in *SPRE Realty, Ltd. v Dienst* (119 AD3d 93, 96 [1st Dept 2014]) ultimately failed, here, plaintiff also rejected the unsigned agreement on the basis of its reduced commission. Accordingly, there was no agreement in place when defendants negotiated their lease renewal without any brokers over one year later. Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.