■ ARELIE F. et al., Respondents, v CATHEDRAL PROPERTIES, LLC, et al., Defendants, and PRIME REALTY SERVICES et al., Appellants. [46 NYS3d 89]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 2, 2015, which, to the extent appealed from as limited by the briefs, denied defendants Prime Realty Services, Prime Residential Manhattan R&R 1, LLC, Richard Aidekman, Robert Kligerman, Prime Realty Services, Inc., Arthur Green, sued incorrectly herein as Andrew Green, and Multi-Dwelling Properties IV, LLC's motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In this action alleging injury caused by lead-paint poisoning, plaintiffs claim that infant plaintiffs were exposed to lead-based paint in three apartments, which includes the subject unit, apartment 2E, located in a ten-unit pre-war multiple

dwelling known as 171 East 102nd Street and was owned, managed and/or controlled by moving defendants between July 30, 1999 and September 30, 2003.

We find that the complaint as against defendants Prime Realty Services, Richard Aidekman, Robert Kligerman, Prime Realty Service, Inc., Arthur Green s/h/a Andrew Green and Multi-Dwelling Properties IV LLC should be dismissed, because it is undisputed that during the relevant time period (i.e., July 30, 1999 and September 30, 2003), the unit and building were owned by defendant Prime Residential Manhattan R&R 1 LLC (Prime Residential).

We also find that the complaint against defendant Prime Residential should be dismissed, because it is undisputed that none of the children were residing in the apartment when that defendant owned the unit (*see Yaniveth R. v LTD Realty Co.*, 27 NY3d 186, 191-194 [2016]), and there is no evidence that Prime Residential had actual notice that a child under the age of seven was residing in the apartment. None of the documents submitted by the children's grandmother during her tenancy with this defendant indicate that such a child was living there (*see Flores v Cathedral Props. LLC*, 101 AD3d 432, 432 [1st Dept 2012]).

Lastly, we find that defendants' motion for summary judgment should not be denied in order to complete discovery, because plaintiffs have failed to show that facts essential to justify opposition to the motion may emerge upon further discovery; nor have they offered any evidentiary basis to suggest that discovery may lead to relevant evidence (*see Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157 [1st Dept 2000]). Concur—Mazzarelli, J.P., Manzanet-Daniels, Feinman, Webber and Gesmer, JJ.