Kassin Sabbagh Realty, LLC v Pendroff (2019 NY Slip Op 02805)





Kassin Sabbagh Realty, LLC v Pendroff


2019 NY Slip Op 02805


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Friedman, J.P., Sweeny, Webber, Gesmer, Singh, JJ.


654403/13 8953A 8953

[*1] Kassin Sabbagh Realty, LLC, Plaintiff-Appellant,
v
Carol Pendroff, et al., Defendants-Respondents, Shalev Shoshani, et al., Defendants.


Goldberg Weprin Finkel Goldstein LLP, New York (Zachary D. Kuperman of counsel), for appellant.
Ginsburg & Misk, LLP, Queens Village (Hal R. Ginsburg of counsel), for respondents.



Judgment, Supreme Court, New York County (Ellen M. Coin, J.), entered April 24, 2017, dismissing the first through third causes of action as against defendants Carol Pendroff, Alan Markowitz, and Steven Pendroff (incorrectly s/h/a Steve Markowitz), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 7, 2017, which granted the above-named defendants' motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Contrary to plaintiff's contention, there are no triable issues of fact precluding summary judgment. Arzt testified that plaintiff's commission was going to be based on any excess over a purchase price of $5 million. However, the complaint alleges that the property sold for only $4,925,000. Plaintiff's argument that the actual sales price could have reached or exceeded $5 million is unpreserved (see Ta-Chotani , 276 AD2d at 313) and speculative (see e.g. Alvarez v Prospect Hosp. , 68 NY2d 320, 327 [1986]).
Moreover, plaintiff's contention that defendants frustrated a condition precedent (the $5 million) by selling at a lower price is unavailing. The owners did not enter into a contract to sell the property until July 24, 2013, more than a year after plaintiff's last contact with the owners of the property (see Helmsley-Spear, Inc. v 150 Broadway N.Y. Assoc. , 251 AD2d 185, 186 [1st Dept 1998] [broker cannot recover on theory of seller's failure to perform condition if broker's "efforts were not about to prove effectual at the time they ceased"] [internal quotation marks omitted]).
Even crediting Arzt's affidavit, which said that defendants agreed to compensate plaintiff even if their property sold for less than $5 million, defendants-respondents are still entitled to summary judgment, as Arzt admitted that he was not involved in
the negotiations for the purchase of the property (see Greene v Hellman , 51 NY2d 197, 206 [1980]).
The causes of action for quantum meruit and unjust enrichment were correctly dismissed because, according to plaintiff, there was an actual agreement between the parties. We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK