Thome v Alexander & Louisa Calder Found. (2019 NY Slip Op 05625)





Thome v Alexander & Louisa Calder Found.


2019 NY Slip Op 05625


Decided on July 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2019

Friedman, J.P. Richter, Tom, Oing, Moulton, JJ.


9853 152721/17

[*1]Joel Thome, Plaintiff-Appellant,
v
The Alexander and Louisa Calder Foundation, et al., Defendants-Respondents.


Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant.
Patterson Belknap Webb & Tyler LLP, New York (Thomas W. Pippert of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about May 9, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Summary judgment was properly granted since there is a lack of evidence that defendants imparted any false or disparaging information to the gallery with whom plaintiff was planning to consign his art. The unrebutted evidence is that defendants only informed the gallery that litigation in the Southern District over the art had ended, and as part of that settlement, the pieces were issued registration numbers and an agreed-upon description of the works was formalized (see Vigoda v DCA Prods. Plus, 293 AD2d 265, 266-267 [1st Dept 2002]; see also Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 105-106 [1st Dept 2009], lv denied 15 NY3d 703 [2010]). Furthermore, the settlement description read to the gallery by an employee of defendant Foundation was the same description that had already been forwarded by plaintiff's sales agent to the gallery, and thus the element of causation necessarily fails (see Retail Advisors Inc. v SLG 625 Lessee LLC, 138 AD3d 425 [1st Dept 2016]; Vigoda at 267).
Plaintiff's argument that the motion should have been denied because there was a need for further discovery is unavailing since plaintiff only makes conclusory claims that unspecified evidence may be uncovered (see Arelie F. v Cathedral Props., LLC, 146 AD3d 710, 711 [1st Dept 2017], lv denied 29 NY3d 919 [2017]; Bailey v New York City Tr. Auth., 270 AD2d 156, 157 [1st Dept 2000]). Although issue had just been joined when defendants moved for summary judgment, depositions had been taken of all witnesses involved in the discussions between defendants and the gallery.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 11, 2019
CLERK