Maurice Kassimir & Assoc., P.C. v Omri (2020 NY Slip Op 07673)





Maurice Kassimir & Assoc., P.C. v Omri


2020 NY Slip Op 07673


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Index No. 650576/2018 Appeal No. 12683N-12683NA Case No. 2020-02638, 2020-02639 

[*1]Maurice Kassimir & Associates, P.C., Plaintiff-Respondent,
v
Ezra Omri Also Known as Eddie Omri, Defendant-Appellant.


Peyrot & Associates, P.C., New York (David C. Van Leeuwen of counsel), for appellant.
Axelrod, Fingerhut & Dennis, New York (Jared Matthew Langenthal of counsel), for respondent.



Appeals from order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about September 23, 2019, which granted plaintiff's motion for summary judgment on the complaint and dismissing the counterclaims, and order, same court and Justice, entered on or about January 13, 2020, which granted plaintiff's motion to reargue, and, upon reargument, directed the Clerk to enter prejudgment interest from December 30, 2013, deemed appeal from judgment, same court and Justice, entered January 28, 2020 (see CPLR 5520[c]), in plaintiff's favor, and, so considered, said judgment unanimously modified, on the law and the facts, without costs, to delete the award of prejudgment interest computed from December 30, 2013, and award prejudgment interest from April 25, 2017, and, as so modified, affirmed.
Defendant's argument that plaintiff's motion for summary judgment should be denied because discovery was not complete is unsupported by a showing, or even an allegation, that facts essential to opposing the motion were in plaintiff's exclusive possession and would emerge upon further discovery (see Arelie F. v Cathedral Props., LLC, 146 AD3d 710, 711 [1st Dept 2017], lv denied 29 NY3d 919 [2017]).
Plaintiff is not entitled to prejudgment interest from December 30, 2013. As defendant failed to pay invoices sent to him between October 2013 and April 2017, plaintiff incurred damages at various times, and the interest on the damages should be computed "from a single reasonable intermediate date" (CPLR 5001[b]; Hanover Data Servs. v Arcata Natl. Corp., 115 AD2d 403 [1st Dept 1985], lv denied 68 NY2d 602 [1986]). We find that that date is April 25, 2017, the date of the last invoice.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020