Capin & Assoc., Inc. v Herskovitz (2021 NY Slip Op 03249)





Capin & Assoc., Inc. v Herskovitz


2021 NY Slip Op 03249


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Index No. 651747/14 Appeal No. 13895 Case No. 2020-03452 

[*1]Capin & Associates, Inc., Plaintiff-Appellant,
v
Isaac Herskovitz et al., Defendants, 1895 Belmont LLC et al., Defendants-Respondents.


McDonnell Adels & Klestzick, Garden City (Michael J. Giordano of counsel), for appellant.
Oved & Oved LLP, New York (Jonathan Lynn of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered June 1, 2020, which, to the extent appealed from as limited by the briefs, granted defendants 1895 Belmont LLC, 2078 Crotona LLC, 2079 Mohegan LLC, 2140 Daly LLC, 2132 Daly LLC, 990 Bronx Park South LLC, 984 Bronx Park South LLC, and 2146 Vyse LLC's motion for summary judgment dismissing plaintiff's amended complaint as against them, unanimously affirmed, without costs.
Plaintiff and defendants LLCs never entered into any explicit written or oral brokerage agreement concerning the sale of 11 buildings in Bronx, New York. Therefore, plaintiff's breach of contract claim was properly dismissed.
To be entitled to a commission under an implied contract theory, the broker must be a "procuring cause" of the ultimate transaction (see Greene v Hellman, 51 NY2d 197, 206-207 [1980]). Here, the record demonstrates a lack of causal connection between plaintiff's efforts and the final transaction (see id.; RMB Props. v American Realty Capital III, LLC, 55 Misc 3d 1202A, *5-8, affd 148 AD3d 585 [1st Dept 2017]; Jagarnauth v Massey Knakal Realty Servs., Inc., 104 AD3d 564, 565 [1st Dept 2013]). Plaintiff sent the LLCs' principal Isaac Herskovitz financial documents regarding the buildings, informed Herskovitz about an offer from another buyer which had been accepted by seller but was still in negotiations regarding the brokerage fee, and arranged and walked Herskovitz through the properties along with a business manager for seller. Despite those actions. Neither Herskovitz nor the LLCs made any offer for the buildings through plaintiff, and plaintiff did not carry on any negotiations with seller on their behalf. In December 2013, plaintiff informed Herskovitz that the buildings were no longer for sale, which was the last contact between the parties prior to the consummated sale. Shortly thereafter, Herskovitz was contacted by another brokerage firm regarding the buildings. Herskovitz and the LLCs used the other brokerage firm to make an offer, enter into negotiations, conduct due diligence, and close the transaction. Accordingly, plaintiff was not the procuring cause of the sale, and thus, plaintiff's claim for implied contract was properly dismissed (see RMB Props., 148 AD3d at 585; Mollyann, Inc. v Demetriades, 206 AD2d 415, 415-416 [2d Dept 1994]) .
Because plaintiff was not the procuring cause of the sale, its claims for quantum meruit and unjust enrichment also fail (see RMB Props., 148 AD3d at 585; Retail
Advisors Inc. v SLG 625 Lessee LLC, 138 AD3d 425, 425 [1st Dept 2016]). There is no evidence Herskovitz and defendant LLCs acted in bad faith. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021