■ AMERICAN ENERGY PRODUCTS CORP., et al., Respondents, v KEENE CORPORATION, Appellant.—Order, Supreme Court, New York County, entered June 28, 1978, denying defendant's motion for summary judgment dismissing the complaint, reversed, on the law, with costs, and motion for summary judgment dismissing the complaint granted. This is an action for specific performance or damages arising out of an alleged breach of contract for the sale of a manufacturing site and plant. A motion by plaintiffs for a preliminary injunction, as well as a cross motion by the defendant to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 1) (defense founded upon documentary evidence) had been previously denied at Special Term. On this motion for summary judgment the defendant contends that in a preliminary letter of intent, the parties explicitly agreed that neither should have any legal obligation until an agreement satisfactory to both was executed, and that no such agreement was ever executed. Special Term denied the motion on the view that the documentary evidence presented was the same as that previously submitted on the motion pursuant to CPLR 3211 (subd [a], par 1), and that it was inappropriate "to request in lieu of appeal, that a Judge of coordinate jurisdiction reach a contrary result on the same evidence." Whether or not Special Term was correct in the view that the evidence here submitted was the same as that previously considered, it is, of course, clear that this court is entirely free to consider the matter on the merits. (See *Clark v New York Tel. Co.,* 52 AD2d 1030, affd 41 NY2d 1069.) Defendant is clearly right in its contention that the prelimi-

nary letter of intent expressly stipulated that neither party was to have any legal obligation until a final agreement satisfactory to both parties had been executed, and that the record is barren of any evidence that any such agreement was ever executed. Accordingly, the motion for summary judgment dismissing the complaint must be granted. (See *Schwartz v Greenberg,* 304 NY 250; *Brause v Goldman,* 10 AD2d 328, affd 9 NY2d 620.) Concur—Sandler, J. P., Sullivan, Bloom, Lane and Silverman, JJ.