■ MILIN PHARMACY, INC., Doing Business as VISTA PHARMACY, Respondent, v CASH REGISTER SYSTEMS, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for fraud and negligent misrepresentation, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered June 21, 1989, as, upon reargument, determined that the causes of action sounding in fraud in the inducement and negligent misrepresentation asserted in the amended complaint should not have been dismissed and restored those causes of action.

Ordered that the order is modified, on the law, by deleting therefrom the provision reinstating the cause of action sounding in fraud in the inducement; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In April 1984 the plaintiff purchased from the defendant Cash Register Systems, Inc., an Altos 580 computer, a printer, a modem, and a Dagar Universal Pharmacy Software Package to be used in its retail pharmaceutical business. This purchase was by way of a lease-purchase agreement. The plaintiff also entered into an equipment maintenance agreement with the defendant CRS Business Computers, Inc., for a one-year period which was to expire on July 31, 1986. In April 1986 the plaintiff began to experience problems with the computer system and later discovered that the computer system's capacity for storing data had reached its limit. The defendants recommended that the plaintiff upgrade its system at an additional cost of $9,000. The plaintiff refused to expend any additional funds to upgrade a system that allegedly was not

designed to meet the needs of its business, and, in September 1988 commenced this action, *inter alia,* to rescind the purchase agreement on the grounds of actual fraud and negligent misrepresentation.

The Supreme Court properly determined that the plaintiff's cause of action sounding in negligent misrepresentation is governed by a six-year Statute of Limitations and that it was therefore timely interposed *(see,* CPLR 213 [1]; *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48, 51-52; *International Prods. Co. v Erie R. R. Co.,* 244 NY 331, *cert denied* 275 US 527; *Pappas v Harrow Stores,* 140 AD2d 501, 504).

However, the plaintiff's cause of action sounding in fraud cannot stand, since it does not sufficiently comply with the pleading requirements set forth in CPLR 3016 (b). Bare allegations that a seller has made false statements as to the quality of a product are insufficient to sustain such a cause of action *(see, Fitzpatrick, Jr. Constr. Corp. v County of Suffolk,* 138 AD2d 446; *Gervasio v Di Napoli,* 126 AD2d 514; *Burroughs Corp. v Datacap,* 124 AD2d 622).

We pass upon no other issue. Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.