▬ INSIDE SWING, Respondent-Appellant, v RAYMOND LeChase et al., Appellants-Respondents. [653 NYS2d 474] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly dismissed the first cause of action alleging breach of contract. The parties' Non-Binding Letter of Intent Agreement leaves several material terms for future negotiations and expressly provides that it is "not binding" and "preliminary to the negotiation of a Lease Agreement." The parties never entered into a binding contract but merely expressed their "intent to negotiate the essential terms of a binding agreement" (*Aces Mech. Corp. v Cohen Bros. Realty & Constr. Corp.,* 136 AD2d 503, 505; *see, Martin Delicatessen v Schumacher,* 52 NY2d 105, 109-110; *American Energy Prods. Corp. v Keene Corp.,* 72 AD2d 514).

The court erred, however, in failing to dismiss the second cause of action alleging fraud. The complaint alleges that defendants asserted their intention to enter into a lease agreement with plaintiff but failed to do so. "Although a false representation as to a state of mind may be a false representation of a material fact (*Deyo v. Hudson,* 225 N. Y. 605, 612), it does not follow that every broken promise acted upon is actionable. Mere promissory statements as to what will be done in the future are not actionable" (*Adams v Clark,* 239 NY 403, 410; *see, Margrove Inc. v Lincoln First Bank,* 54 AD2d 1105). We therefore modify the order by granting defendants' motion and dismissing the second cause of action. (Appeals from Order of

Supreme Court, Monroe County, Stander, J.—Dismiss Causes of Action.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.