■ FANDY CORP., Appellant, v LUNG-FONG CHEN, Respondent. [691 NYS2d 572] —In an action, *inter alia*, to recover damages for fraud and negligent misrepresentation, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Berke, J.), dated January 27, 1998, as granted those branches of the defendant's motion which were to dismiss as time-barred the causes of action to recover damages for constructive fraud and negligent misrepresentation.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1986 Geranium Development Corp. (hereinafter the seller) entered into a contract to sell three parcels of real property. The defendant, Lung-Fong Chen, was the seller's attorney. The sale was never consummated and the seller, alleging that the purchaser had breached the contract, retained the down payment, although the purchaser denied that a breach had occurred. Subsequently a second purchaser, C.P. Chen (hereinafter Chen) entered into a contract to purchase the same parcels on condition that the seller cancel the prior contract. In October 1989 Chen's interest in the contract was assigned to the plaintiff, Fandy Corp. On October 25, 1989, the defendant allegedly advised the plaintiff that the prior contract had been cancelled and that the parties could close. The defendant did not inform the plaintiff that the seller had not returned the down payment of the first purchaser. After the closing with the plaintiff the first purchaser filed notices of pendency against the properties and commenced foreclosure actions based on the seller's failure to return the down payment. The plaintiff alleges, *inter alia*, that the defendant fraudulently and negligently misrepresented that the prior contract had been properly canceled.

The plaintiff's causes of action based on constructive fraud and negligent misrepresentation are covered by the six-year

Statute of Limitations governing equitable actions in general (*see,* CPLR 213 [1]; *Pacheco v Alvia,* 209 AD2d 493; *Milin Pharmacy v Cash Register Sys.,* 173 AD2d 686). Contrary to the plaintiff's contention, a cause of action to recover damages for constructive fraud accrues on the date of the commission of the purported fraud (*see,* 509 *Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48; *Wall St. Assocs. v Brodsky,* 257 AD2d 526; *Monaco v New York Univ. Med. Ctr.,* 213 AD2d 167; *Starkey v Starkey,* 192 AD2d 844, 846; *Rattner v York,* 174 AD2d 718; *Brown v Tonawanda Hous.,* 123 AD2d 493). The plaintiff has alleged that it was induced to close on the contract for the purchase of the properties due to the defendant's fraudulent representations. Therefore, the court was correct in holding that the period of limitations for purposes of the cause of action based on constructive fraud began to run in 1989 when the plaintiff closed on the properties.

A cause of action based on negligent misrepresentation accrues on the date of the alleged misrepresentation which is relied upon by the plaintiff (*see, I.F.D. Constr. Corp. v Coddry Carpenter Dietz & Zack,* 253 AD2d 89). The court was correct in holding that the period of limitations for purposes of this cause of action began to run from the date of the closing in 1989 since that is the date on which the plaintiff relied upon the alleged misrepresentation. Since the causes of action at issue were interposed in 1997, they were properly dismissed as time-barred. Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.