■ CHARLOTTE LASHER et al., on Behalf of Themselves and All Other Employees Similarly Situated, Respondents, v ALBION CENTRAL SCHOOL DISTRICT et al., Appellants. [833 NYS2d 791]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered May 24, 2006. The order denied that part of defendants' motion to dismiss the amended complaint for failure to state a cause of action and denied without prejudice that part of defendants' motion to dismiss the constructive fraud and negligent misrepresentation claims as time-barred.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the claim for constructive fraud and as modified the order is affirmed without costs.

Memorandum: Plaintiffs, individually and on behalf of other employees similarly situated, commenced this action to recover damages for fraud, constructive fraud and negligent misrepresentation. Defendants appeal from an order denying that part of their motion to dismiss the amended complaint for failure to state a cause of action and denying without prejudice that part of their motion to dismiss the constructive fraud and negligent misrepresentation claims as time-barred.

We reject the contention of defendants that Supreme Court erred in denying that part of their motion seeking dismissal of the amended complaint for failure to state a cause of action insofar as it alleges claims for fraud and negligent misrepresentation. In determining whether the amended complaint stated a cause of action based on those claims, the court was required to construe the amended complaint "liberally . . . , and accept as true the facts alleged in the [amended] complaint and any submissions in opposition to the . . . motion[,] . . . accord[ing] plaintiffs the benefit of every possible favorable inference" that may be drawn from the allegations (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]; *see Parker v Leonard*, 24 AD3d 1255 [2005]; *Gibraltar Steel Corp. v Gibraltar Metal Processing*, 19 AD3d 1141, 1142 [2005]). Viewing the amended complaint in that light, we conclude that it sufficiently states claims for fraud and negligent misrepresentation. Also

contrary to defendants' contention, the statements that form the basis of the fraud claim "constitute 'material existing fact[s], sufficient to support a fraud action'" (*CPC Intl. v McKesson Corp.*, 70 NY2d 268, 286 [1987], quoting *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 407 [1958]; *see generally Wright v Selle*, 27 AD3d 1065, 1067-1068 [2006]; *cf. Inside Swing v LeChase*, 236 AD2d 884 [1997]).

We agree with defendants, however, that the court erred in denying that part of their motion seeking dismissal of the amended complaint for failure to state a cause of action insofar as it alleges a claim for constructive fraud, and we therefore modify the order accordingly. A necessary element of a claim for constructive fraud is the existence of "a fiduciary or confidential relationship" (*Del Vecchio v Nassau County*, 118 AD2d 615, 618 [1986]). Here, "the affiliation between the parties—educational institution as employer and tenured [teacher] as employee— does not create a cognizable fiduciary relationship" (*Maas v Cornell Univ.*, 245 AD2d 728, 731 [1997]).

We reject defendants' further contention that the court erred in denying that part of their motion seeking dismissal of the negligent misrepresentation claim as time-barred. "[T]he period of limitations for purposes of [the negligent misrepresentation claim] began to run from . . . the date on which the plaintiff[s] relied upon the alleged misrepresentation" (*Fandy Corp. v Lung-Fong Chen*, 262 AD2d 352, 353 [1999]), and that date has not yet been established at this preanswer stage of the proceedings. We thus conclude that the court properly denied that part of defendants' motion without prejudice.

We have considered defendants' remaining contentions and conclude that they either are without merit or are moot in light of our determination. Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.