# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

580
CA 10-02527
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

NICOLE M. ENZINNA, AMY L. BORYNSKI-KURTZ AND
HEATHER L. MAHLEY, PLAINTIFFS-RESPONDENTS,

                    V                          MEMORANDUM AND ORDER

D'YOUVILLE COLLEGE, DEFENDANT-APPELLANT.

---

SCHRÖDER, JOSEPH & ASSOCIATES, LLP, BUFFALO (LINDA H. JOSEPH OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (ANDREW O. MILLER OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered June 15, 2010. The order, insofar as appealed from, denied defendant's motion to dismiss the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages based on defendant's allegedly deceptive advertising, which allegedly induced plaintiffs to enroll in the Doctor of Chiropractic program offered by defendant. Defendant appeals from an order denying its motion to dismiss the amended complaint. We affirm. We conclude that Supreme Court properly denied the motion with respect to the causes of action for false advertising (General Business Law § 350), false and deceptive business practices (§ 349) and negligent misrepresentation on the ground that they are time-barred. The General Business Law causes of action must be asserted within three years of when the plaintiff "has been injured by a deceptive act or practice" (*Gaidon v Guardian Life Ins. Co. of Am*., 96 NY2d 201, 210; *see* CPLR 214 [2]; *Beller v William Penn Life Ins. Co. of N.Y*., 8 AD3d 310, 314). Here, contrary to defendant's contention, plaintiffs were not injured when they initially enrolled in defendant's Doctor of Chiropractic program and began paying tuition. Rather, the injury occurred when plaintiffs graduated and allegedly learned that their degrees did not render them "eligible for licensure examination in all states," as stated in defendant's promotional catalog. It was at that point and not sooner that plaintiffs' "expectations were actually not met" (*Gaidon*, 96 NY2d at 212).

The cause of action for negligent misrepresentation is governed

by the six-year statute of limitations applicable to equitable actions in general (*see* CPLR 213 [1]; *Fandy Corp. v Lung-Fong Chen*, 262 AD2d 352; *Milin Pharmacy v Cash Register Sys.*, 173 AD2d 686). We conclude that this action was commenced within six years of the accrual of that cause of action, i.e., the dates on which plaintiffs relied upon defendant's alleged misrepresentation (*see Lasher v Albion Cent. School Dist.*, 38 AD3d 1197, 1198). Defendant's contention that the unjust enrichment cause of action is time-barred is not preserved for our review because its motion with respect to that cause of action was based solely upon the defense of laches. We note that defendant does not challenge the timeliness of the two remaining causes of action, for breach of contract and promissory estoppel.

We further conclude that the court properly denied defendant's motion to dismiss the amended complaint for failure to state a cause of action and based on documentary evidence pursuant to CPLR 3211 (a) (1) and (7). The documentary evidence upon which defendant relies, i.e., the catalog referred to in the amended complaint as an example of one of defendant's false advertisements, does not "resolve all factual issues as a matter of law and conclusively dispose of the plaintiffs' claim[s]" (*DiGiacomo v Levine*, 76 AD3d 946, 949; *see Leon v Martinez*, 84 NY2d 83, 88). Further, construing the amended complaint liberally and accepting as true the facts alleged therein (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152), we conclude that plaintiffs have stated causes of action for the claims in question.

Entered:  May 6, 2011                                    Patricia L. Morgan
                                                         Clerk of the Court