11-461-cv
*Marchig v. Christie's Incorporated*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of July, two thousand and eleven.

PRESENT: RICHARD C. WESLEY,
         DEBRA ANN LIVINGSTON,
         GERARD E. LYNCH,
                  *Circuit Judges.*

_____

JEANNE MARCHIG and THE MARCHIG
ANIMAL WELFARE TRUST,

         *Plaintiffs-Appellants,*

         -v.-                                    11-461-cv

CHRISTIE'S INCORPORATED,

         *Defendant-Appellee.*

_____

FOR APPELLANTS:    RICHARD A. ALTMAN, Law Office of Richard A. Altman, New York, NY.

FOR APPELLEE:    JOSEPH A. PATELLA, Andrews Kurth LLP, New York, NY (Thomas R. Kline & L. Eden Burgess, Andrews Kurth LLP, Washington, DC, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part and **REVERSED and REMANDED** in part.

Appellants appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*), which dismissed all claims as time-barred. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant Jeanne Marchig, a citizen of Sweden and resident of Switzerland, consigned a framed drawing to Christie's, a New York auction house, in 1997.[1]  She informed Christie's at the time of consignment of her belief that the drawing was by a fifteenth-century Italian artist

---

[1]The following facts are drawn from allegations in Marchig's complaint, which we accept as true at the motion-to-dismiss stage. *E.g.*, *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).

who had taught Michaelangelo.[2]  Christie's expert concluded it was a nineteenth-century German work.  Informing Marchig to that effect, the expert advised that the frame be changed to one more appropriate to the supposed period of the work.  Marchig accepted the assessment, but did not communicate anything regarding the frame.  Christie's sold the drawing in January 1998 for $21,850.  After Christie's commission was paid, the Marchig Animal Welfare Trust (the "Trust"), of which Marchig is trustee, received the balance of the proceeds.

In July 2009, Christie's contacted Marchig to inform her that the drawing might in fact be the work of Leonardo da Vinci.  Marchig now alleges that the true value of the work is more than $150 million.

In May 2010, Marchig and the Trust[3] sued Christie's for breach of fiduciary duty, breach of warranty, negligence and negligent misrepresentation.  The complaint alleged federal jurisdiction over these state claims in light of the diverse citizenship of the parties and substantial sum of money

[2]Marchig's late husband, a well-known art collector, had shared that view.

[3]Christie's argued below and maintains on appeal that the Trust is not a true party in interest.  The district court did not rule on this issue.

involved.  In response to Christie's motion to dismiss, Marchig asked for and was granted leave to file an amended complaint.  This new complaint added a fifth cause of action for replevin and conversion of the frame in which Marchig sent the drawing to Christie's.  The district court then granted a renewed motion to dismiss, holding that all claims were time-barred and not eligible for any form of tolling.  Marchig timely appealed to this Court.

Marchig argues that her claims are tolled due to the existence of a fiduciary relationship between herself and Christie's.[4]  It is important to distinguish between the existence of a fiduciary relationship with respect to a particular matter on the one hand, and the persistence of a relationship between two parties that tolls the accrual of a claim with regard to those matters on the other.  Under New York law, which governs this case, consignees are fiduciaries.  *Cristallina S.A. v. Christie, Manson & Woods Int'l, Inc.*, 117 A.D.2d 284, 292 (1st Dep't 1986).

---

[4]"We review de novo a district court's grant of a motion to dismiss, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). Likewise, a district court's application of a statute of limitations is reviewed *de novo*. *E.g.*, *Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir. 2008).

Consignees therefore have a duty to conduct the assessment and sale of individual items or sets of items in accordance with the obligations of a fiduciary.

Claims for breach of fiduciary duty do not accrue until the fiduciary relationship is repudiated or otherwise terminated. *E.g.*, *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 518-19 (2d Cir. 2001) (collecting New York cases). However, in a consignor-consignee transaction, the fiduciary relationship terminates no later than the sale of the item in question. Here, Marchig did not file suit until more than twelve years after the sale. Her claim for breach of fiduciary duty was by then time-barred, and the district court was correct to so hold.

The "continuing representation" doctrine is not applicable, since that doctrine is generally limited to a course of representation concerning a specific matter. *E.g.*, *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 168 (2001). Here, Christie's ceased to represent Marchig's interests with respect to this transaction no later than the time of sale and the transferral to her of sale proceeds minus commission.

Absent allegations of fraud, a claim for negligent

misrepresentation accrues at the time of injury and is not subject to any discovery rule. *See Von Hoffmann v. Prudential Ins. Co. of Am.*, 202 F. Supp. 2d 252, 263-64 (S.D.N.Y. 2002) (applying a two-year limitations period running from discovery of the negligent misrepresentation where the claim is "based on the same facts as a claim for fraud"); *see also Fandy Corp. v. Lung-Fong Chen*, 262 A.D.2d 352, 353 (2d Dep't 1999) (noting that a negligent misrepresentation claim "accrues on the date of the alleged misrepresentation which is relied upon by the plaintiff"). Marchig alleges no fraud on Christie's part. Accordingly, the claim for negligent misrepresentation is also time-barred. On these and the remaining claims we affirm the district court's dismissal for substantially the reasons stated in its order, with one exception.

Dismissal was improper as to Marchig's claim of replevin and conversion, which was added in the amended complaint. While all Marchig's other claims accrued no later than the time of sale, her claim for conversion is governed by the demand-and-refusal rule. Under this rule, the claim runs not from the time of alleged conversion, but rather from the time "the true owner makes demand for return

6

of the chattel and the person in possession of the chattel refuses to return it." *Solomon R. Guggenheim Found. v. Lubell*, 77 N.Y.2d 311, 317-18 (1991). Accordingly, Marchig's claim for conversion ran from the time her demand was refused. Since she made that demand in 2010, her claim is not time-barred.

Under the demand-and-refusal rule, however, the owner may not unreasonably delay before demanding return of the item sought. *Id.* at 319. Judge Koeltl found that "[i]t is clear that Marchig has known of [Christie's] possession since [1997], because the plaintiffs allege that she caused the frame to be delivered to the defendant." Here, however, it was incorrect for the district court to dismiss the claim as time-barred. On this record it is unclear whether Marchig knew at the time of sale that the drawing was not sold in the frame in which she had transferred it to Christie's. While Christie's assessor did express a desire to sell the drawing in a new frame, the record does not reflect that Marchig approved of this plan or otherwise knew that a new frame would be used. If she did not, her knowledge that she transferred the frame to Christie's possession is irrelevant. It may not have been clear to her

7

until 2009 that the painting was, in fact, sold in a different frame than the one she provided and therefore that her frame remained in Christie's possession.[5]

Marchig may well have delayed unreasonably before demanding the frame be returned, but under these circumstances the district court should not have so found on a motion to dismiss.  We therefore reverse the dismissal as to the claim of replevin and remand for further proceedings consistent with this opinion.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part and **REVERSED and REMANDED**

---

[5]Christie's asserts that in light of the dismissal of the other claims, Marchig fails to establish a sufficient amount-in-controversy for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(2).  It is true that the value of the frame is not alleged in Marchig's amended complaint or otherwise reflected in the record.  However, under the affirmative defense rule, "we measure the amount in controversy as of the date of the complaint.  Once jurisdiction has attached, it cannot be ousted by subsequent events." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).  A defendant cannot retroactively remove jurisdiction over the complaint by the assertion of affirmative defenses, e.g. those based on a statute of limitations. *Id.* at 397-98; *see also Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) ("The jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits.").  As a result, the district court continues to hold federal diversity jurisdiction over this case on remand despite its proper dismissal of the non-replevin claims.

in part.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk